HENRY PATTON, as Assignee, etc., Appellant, v. THE ROYAL BAKING POWDER COMPANY, Respondent.

One H. entered into a contract with defendant to furnish the latter all the boxes of a character specified it might require for one year from January first, at prices named; in case of failure it was provided that defendant might purchase the boxes it required in open market without notice, and charge H. with the excess over the contract-prices. On September 8, 1885, H. made a general assignment to plaintiff for the benefit of creditors; he claimed the right and continued to supply the boxes required until October fifth, when he informed defendant that he would be unable to fill further orders until an arrangement should be made of his affairs. Defendant thereupon contracted with another party to furnish the boxes required at prices in excess of those under the contract with H. Afterwards, at plaintiff's request, defendant permitted him to deliver such further boxes as should be made from lumber already cut for the purpose. In an action to recover for the boxes delivered subsequent to the assignment defendant set up, and was allowed, as a counter-claim, damages for non-performance of the H. contract. *Held*, no error; that while plaintiff had no power to proceed in the performance of the contract without the consent of those beneficially interested in the trust or the direction of the court, having adopted and proceeded to perform it, defendant's damages were available to him as a counter-claim.

Reported below, 45 Hun, 248.

(Argued March 5, 1889; decided March 19, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made July 1, 1887, which affirmed a judgment in favor of defendant, entered on a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*Joseph A. Burr* for appellant. The counter-claim of the defendant cannot be sustained as either a counter-claim or set-off against the assigned estate, as it was not a debt at the time of the assignment. (*In re Adams,* 15 Abb. N. C. 61; *Frick* v. *White,* 57 N. Y. 103.) The claim is a claim in favor of plaintiff as an individual and not as representing the assigned estate. (*Thompson* v. *Whitemarsh,* 100 N. Y. 35; *Rathbone* v. *Hoovey,* 58 id. 463; *In re Adams,* 15 Abb. N. C. 71.) The claim of the defendant cannot be sustained as either a counter-claim or set-off against plaintiff as an individual. (*Lawrence* v. *Fox,* 20 N. Y. 268.) A promise by one party to do that which he is already under a legal obligation to perform is insufficient as a consideration to support a contract. (*Seyboldt* v. *L. E. R. R. Co.,* 95 N. Y. 562; *Vanderbilt* v. *Schreyer,* 91 id. 392.) In any event the defendant can only recover its damages for the interval between the fifth of October, when Mr. Patton gave notice that temporarily he could not fill defendant's orders, and the tenth of October, when he tendered performance of the contract. (*Dung* v. *Parker,* 52 N. Y. 464; *O'Neil* v. *N. Y. C. R. R. Co.,* 60 id. 138; *Marie* v. *Garrison,* 13 Abb. N. C. 259, 263; *Gundlich* v. *Hensler,* 23 Week. Dig. 145.)

*John M. Bowers* for respondent. The plaintiff could, if he so elected, accept the contract and avail of its benefits, and become responsible for its penalties. (*Van Dine* v. *Willett,* 24 How. Pr. 206; *Journeay* v. *Brackley,* 1 Hilt. 454; *Gibson* v. *Carruthers,* 8 M. & W. 321–333; *Boorman* v. *Nash,* 9 B. & C. 152.) There being a square conflict of evidence, the verdict of the jury will not be disturbed by this court, especially as the learned trial judge, who had full opportunity to see and hear the witnesses, and determine their relative

credibility, refused, upon a motion for a new trial on his minutes, to interfere with their verdict. (*Beckwith* v. *N. Y. C. R. R. Co.*, 64 Barb. 299; *Jenks* v. *Van Brunt*, 6 Civ. Pro. R. 158; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Crane* v. *Baudouine*, 55 id. 256; *Sherwood* v. *Hansen*, 94 id. 626.) There was sufficient evidence of the plaintiff's personal adoption of the contract upon which the jury could properly proceed to find a verdict in the defendant's favor. (*People* v. *M. T. Co.*, 11 Abb. N. C. 304; *Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *Fairfax* v. *N. Y. C. R. R. Co.*, 40 Super. Ct. 128; *U. S. R. Co.* v. *Rushton*, 7 Daly, 410.) The plaintiff cannot urge that the verdict was against the weight of evidence, because he failed to request the court to direct a verdict in his favor. (*Sickles* v. *Gillies*, 45 How. Pr. 94, 96; *Hamilton* v. *Third S. A. R. R. Co.*, 13 Abb. Pr. [N. S.] 318.) A defendant is not bound to take advantage of the statute of frauds, or other technical claims of that character. (Brown on Frauds, § 135; *Cahill* v. *Bigelow*, 18 Pick. 369; *Waters* v. *Towers*, 8 W. H. & G. 401; *Sneed* v. *Bradley*, 4 Sneed [Tenn.], 401.) The defense was properly pleaded both as an offset and counter-claim. It was good either way. (*Dunham* v. *Benedict*, 120 U. S. 630–648.)

BRADLEY, J. The action was brought to recover for a quantity of packing boxes alleged to have been sold and delivered by the plaintiff to the defendant. The defendant alleged that the boxes were delivered pursuant to a contract which it had made with Oscar F. Hawley, and that after the assignment, hereinafter mentioned, to the plaintiff, the latter demanded that the defendant should accept of him the performance of the contract, and proceeded to perform it, to which the defendant assented and received from the plaintiff the boxes delivered by him in that behalf. It appeared that Hawley made, with the defendant, an agreement to furnish to the latter all the boxes, of the character specified, which it might require for one year from the 1st day of January, 1885, at prices therein mentioned, payable monthly; and it was also provided that if Hawley failed to furnish the boxes required

by the defendant, the latter might supply its wants in that respect by purchase in the open market, without notice, and charge Hawley with the excess of the cost of those so purchased over such contract prices. So far as appears, Hawley was not in default up to September 8, 1885, when he, for the benefit of creditors, made a general assignment to the plaintiff, who thereafter, until the fifth day of October following, continued to supply the defendant with boxes. On that day the plaintiff informed the defendant that he would be unable to fill any further orders for the present, and until an arrangement should be made of his affairs. Thereupon the defendant negotiated an agreement with another party to furnish the boxes required, at stipulated prices somewhat in excess of those of the Hawley contract, but afterwards, at the request of the plaintiff, the latter was by the defendant permitted to deliver to it such further quantity of boxes as should be made from his lumber already cut for the purpose. The boxes delivered to the defendant by the plaintiff subsequent to the assignment to him, constitute the subject of his claim in this action. The defendant alleged non-performance of the Hawley contract, and as the consequence that damages for its breach were sustained by the defendant equal in amount to the difference between the prices therein stipulated and the cost of the boxes purchased elsewhere to supply the deficiency. The question presented is whether such claim for damages could be made available by way of counter-claim in this action.

The conclusion was, upon the evidence, warranted that the boxes which the plaintiff furnished to the defendant, prior to the fifth day of October, were delivered by him upon and in performance of the contract, and that there was a breach in the failure to completely perform it, resulting in damages to the defendant. While this Hawley contract passed by the assignment to the plaintiff, the latter, as such trustee, had no power to proceed to perform it without the consent of those beneficially interested in the trust or, perhaps, the direction of the court. Whatever he did in proceeding to furnish boxes to the defendant must, for the purposes of this action, be

treated as a transaction by him individually. (*Thompson* v. *Whitmarsh*, 100 N. Y. 35; *Buckland* v. *Gallup*, 105 id. 453.) And the cause of action for the claim alleged in that behalf was his personally, and not as assignee. It is, therefore, contended, on the part of the plaintiff, that as against him the damages for the breach of the contract cannot be successfully alleged for any purpose unless it appear that he, upon some consideration, adopted the contract, and, as between the defendant and him, undertook to perform it, and that there was no such undertaking on his part or any consideration for its support. The question whether the plaintiff had adopted the contract and undertaken to perform it was submitted to the jury, and they found with the defendant, and the breach and the damages and their amount resulting from it were also found against the plaintiff by the verdict, and the amount of them was allowed by way of recoupment or abatement of the plaintiff's claim. The obligation originally rested upon Hawley to perform the contract, and he was subject to liability for damages on failure to do so. After the assignment to the plaintiff, the latter proceeded in the performance of the contract and partially performed it. There was some evidence given on the trial tending to prove that shortly after he had taken the assignment, the plaintiff had the purpose, of which he advised the defendant, of performing the contract, and that, as between him and the defendant, he adopted it and undertook its performance. The mutual understanding between those parties in that respect, inferable from the evidence, in view of the relation to the contract assumed by the plaintiff, permitted the conclusion that the plaintiff had effectually undertaken to perform it. The question of the weight of evidence upon the subject was disposed of by the court below, and is not here for consideration. These views lead to the conclusion that the damages resulting from breach of the contract constituted a counter-claim for the purposes of this action, available to the defendant. The breach of the contract occurred on the fifth of October, when the plaintiff advised the defendant of his inability to proceed further at that time with per-

formance of the contract, and by such information it was left indefinitely when, if at any time, he would resume or continue the delivery of boxes to the defendant. The latter was at liberty then to provide itself with other means of obtaining its supply.

The availability of the exceptions bearing upon the question of damages is dependent upon the conclusion that no claim for any amount was allowable to the defendant.

The conclusion was warranted that the boxes furnished by the plaintiff to the defendant after the fifth of October, were not delivered in the performance of the Hawley contract, but that they were delivered by the special permission of the defendant, and accepted by the latter upon the request of the plaintiff, without waiver of the breach. There is, therefore, no question presented in that respect requiring any consideration here. There is no occasion to consider any other question which the plaintiff's counsel has sought to raise upon the merits on this review, as none other is presented by exception.

The court refused to charge several propositions as requested by the plaintiff's counsel, who took a single exception to all of such refusals. It is unnecessary to inquire whether an exception to any one of them would have been good, inasmuch as it would not have been well taken to some of them. (*Magee* v. *Badger*, 34 N. Y. 247.)

There was no error in the rulings upon the admissibility of evidence to which any exception was taken. No other question seems to require consideration.

The judgment should be affirmed.

All concur, except BROWN, J., not sitting.

Judgment affirmed.