GEORGE W. BROWN, APPELLANT, v. SAMUEL COLEMAN, RESPONDENT.

*Landlord and tenant — an assignee of the rent is not liable for a breach of the lease in regard to repairs.*

In an action by the assignee of a claim for rent, a counter-claim for a breach of the contract under which the premises were leased was set up by the defendant. The court charged that the assignee stood in the place of his assignor for all damages sustained by the tenant on account of a breach of the landlord's (the assignor's) agreement.

*Held*, that this was error; that when the jury allowed a counter-claim to the extent of the plaintiff's demand, the court should have told the jury to find generally for the defendant.

*Patton, Assignee*, v. *Royal Baking Powder Co.* (114 N. Y., 1) distinguished,

APPEAL by the plaintiff from a judgment of the County Court of Kings county, entered in the office of the clerk of the county of Kings on the 17th day of May, 1889, upon the verdict of a jury in favor of the defendant for $142.16.

The action was brought by the plaintiff, as assignee of the landlord, one J. Culbert Palmer, to recover rent due under a lease of certain premises, occupied by the defendant. The complaint demanded judgment for the sum of thirty-five dollars, with interest. The answer, by way of counter-claim, alleged that J. Culbert Palmer, the owner of the premises, agreed to make all repairs thereon, and keep the said premises in good repair and tenantable ; that, at divers times during the term of the lease, Palmer violated his said agreement, neglected to repair the roof of the building, which became leaky, so that water from said roof poured down onto the floors and through the ceilings of the house, injuring the property of the defendant to his damage $232.85 ; that the plaintiff in the action

was personally cognizant of said damages, and of defendant's claim therefor before the commencement of this action, and had had notice thereof before the time of the alleged assignment set forth in the complaint.

*J. Culbert Palmer*, for the appellant.

*James J. Rogers*, for the respondent.

Barnard, P. J.:

By section 502 of the Code of Civil Procedure it is provided, that when an assignee of a claim sues upon it, a demand existing at the time of the assignment may be allowed as a counter-claim to the amount of the plaintiff's demand. The case shows that the plaintiff is the assignee of a claim for rent. The default sets up a counter-claim for a breach of the contract under which the premises were leased. The court charged that the assignee stood in the place of his assignor for all damages sustained by the tenant on account of a breach of the landlord's (assignor's) agreement. This was erroneous. When the jury allowed a counter-claim to the extent of the plaintiff's demand the court should have told the jury to find for the defendant. The fact that the plaintiff's attorney was the assignee of the claim has no relevancy in this respect. In the case of *Patton, Assignee* v. *Royal Baking Powder Company* (114 N. Y., 1) the claim of the plaintiff, although sued as assignee, "was his personally, and not as assignee." He assumed to perform the contract assigned to him which made him liable for damages for a breach of the contract.

The judgment of the County Court should be reversed and a new trial granted, with costs to abide event.

Dykman, J., concurred.

Judgment of County Court reversed and new trial granted, costs to abide event.