## SUPREME COURT.

### Silliman agt Eddy.

A *reply* can not be pleaded to an answer, where the answer does not set up a "counter-claim." A "counter-claim" defined and discussed.

And where a reply is interposed to an answer, which is entirely unnecessary and uncalled for, a motion to set it aside for alleged irregularity in the verification will be denied, because the irregularity complained of is of no consequence.

On a question of the proper verification of a reply, the plaintiff is not concluded (having elected to reply) from denying that he was bound to reply. (*This is adverse to the views expressed in Roscoe agt. Maison,* 7 *How. Pr. R.* 121.)

*Delaware Special Term, June* 1853. This motion was made to set aside the reply to the defendant's answer for irregularity. The alleged irregularity consists in omitting, in the copy served, the officer's name before whom it was verified.

　　E. F. Brown, *for the Motion.*

　　E. N. Card, *Opposed.*

Crippen, Justice.—I have looked into the pleadings and find that no reply was necessary; no fact is set up in the answer requiring a reply. This being so, the question arises whether a motion should be entertained to set the reply aside for the want of a proper verification appearing on the copy served. I am aware that Justice Barculo, for whose opinions I entertain a very high respect, has said in the case cited below, that the plaintiff having elected to reply, can not on a question of verification, deny that he was bound to reply. The remark of Justice Barculo was entirely uncalled for in deciding the case; the decision is predicated entirely upon another ground (Roscoe, executor, &c., agt. Maison and others, 7 *How. Pr. R.* 121).

I can not concur in the suggestion of the learned justice in that case, that the plaintiff having elected to reply, can not on a motion for irregularity, arising out of a defective verification, deny that he was bound to reply. The question of election does

not arise; the party neither gains nor loses any thing by the reply, except he very unnecessarily informs his adversary of matters relied upon to meet and overthrow the defence set up in the answer. This can not be regarded as good ground of complaint on the part of the defendant.

Section 153 of the Code provides that where the answer contains new matter, constituting a counter-claim, the plaintiff may within twenty days reply to such new matter, denying generally or specifically, each allegation controverted by him, or any knowledge or information thereof sufficient to form a belief. He may also allege in *ordinary and concise language*, without repetition, any new matter not inconsistent with the complaint, constituting a defence to such new matter in the answer; or he may demur, &c. I believe it to be generally conceded that section 153 was intended to do away with a reply in all cases, except where a counter-claim is set up in the defendant's answer.

It may be, and no doubt is, many times difficult to determine whether the matter set up in an answer is a counter-claim or not.

The word " counter " is defined to be " contrary to," " contrary way," " opposition to," &c. The word " claim " is defined to mean " the demand of any thing that is in the possession of another," " to demand," " to require," &c.

The compound " counter-claim," as used in the Code, must be regarded, and in my judgment, construed to mean an opposition claim, or demand of something due; a demand of something which of right belongs to the defendant in opposition to the right of the plaintiff. It has been found very difficult to apply the term " counter-claim " to the various actions which are daily arising in our courts; and I very much doubt whether a more perplexing, undefinable, impracticable combination of words could have been joined together in the English language than those selected in this particular by the modern reformers, who claim to stand as sponsors to the present Code.

It will be seen that in this very section the legislature are made to require of the lawyers by a positive enactment, as matter of law, " that ordinary and concise language, without repetition," shall be employed in a reply to an answer containing a counter-claim, when in the same section a compound is used, so ex-

traordinary and uncommon as not to be found in any dictionary extant. It has been said that consistency is a jewel. It is not, however, to be found in the Code of Procedure.

Section 168, provides that every material allegation of new matter in the answer constituting a counter-claim, not controverted by the reply as prescribed in § 153, shall for the purposes of the action be taken as true. But the allegation of new matter in the answer not relating to a counter-claim, or of new matter in the reply, is to be deemed controverted by the adverse party, as upon a direct denial or avoidance as the case may require. My understanding of the foregoing provision of the Code is, that a reply to an answer is neither necessary or proper unless the answer sets up a " counter-claim." In that event the plaintiff may reply, setting up new matter by way of denial or avoidance, and such denial or new matter in the reply is to be deemed controverted by the defendant as upon a direct denial or avoidance, as the case may require.

In this case the answer sets up no claim whatever against the plaintiff; it contains no allegation of new matter which could not have been interposed as a defence under the general or specific denial. In short, or speaking *in ordinary and concise language*, the plaintiff's reply was entirely uncalled for; it could not have any legal bearing upon the rights of the parties; and whether verified or not, it did not and could not add to or diminish the rights and obligations existing under the previous pleadings.

In my opinion, therefore, the defective or irregular jurat to the verification of the copy reply served on the defendant's attorney, was wholly and entirely immaterial, and affords no sufficient ground for this motion.

The remark contained in the case above cited, has probably led to the making of this motion. I shall, therefore, deny the same without costs to either party.