## DE LEYER a. MICHAELS.

*New York Common Pleas; General Term, August,* 1857.

COUNTER-CLAIM.—NEW TRIAL.—SURPRISE.

In an action to recover *possession* of a chattel, an answer which merely sets up a lien upon the chattel under which defendant claims to hold the chattel, and claims judgment in defendant's favor with damages for the taking of the chattel from him in the action, does not set up a counter-claim; and no reply to such an answer is requisite.

In what cases a new trial will be allowed on the ground of surprise.

Appeal from an order denying a motion for a new trial.

This was an action to recover the possession of one four-wheeled wagon.

The answer was as follows:—

TITLE OF THE CAUSE.

"William Michaels, the above defendant, answering the complaint of the above plaintiff, denies that he wrongfully detains from the plaintiff the property mentioned in his said complaint; but that, on the contrary thereof, the said defendant had done and performed certain repairs on said wagon, and certain work and labor, at the request of the said plaintiff, amounting in value to the sum of between fifteen and sixteen dollars, for which work and labor and materials furnished, this defendant had a lien upon and a right to detain said wagon until the payment of said claim for repairs, which the said plaintiff refused to pay, and wrongfully and unjustly, and without first paying said lien for repairs, took away the said property in said complaint mentioned. Wherefore the said defendant prays judgment in his favor, and damages, for the wrongful taking of the said wagon and property mentioned in said plaintiff's complaint by the plaintiff, to the amount of fifty dollars, besides the costs of this action."

No reply was put in. On the trial the plaintiff had a verdict. The defendant moved, at special term, for a new trial, on the ground of surprise, and on the further grounds that the verdict was against the weight of evidence, and that the answer contained a counter-claim, and required a reply. The special term denied the motion.

The defendant now appealed from the order of the special term.

*D. T. Walden,* for the appellant.

*William Henry Forman,* for the respondent.

BY THE COURT.*—BRADY, J., after disposing of a preliminary question relative to the merits.—The counsel for the defendant is mistaken in supposing that there was any counter-claim set up. The action was to recover the wagon, and the only question to be passed upon was,—Who is entitled to the possession, the plaintiff or defendant? The plaintiff's ownership of the wagon was not denied, but the defendant claimed he had a

---

* Present, Ingraham, F. J., and Brady, J.

lien upon it for services rendered, and prayed judgment in his favor, and damages, for the wrongful · taking of the wagon from him by the plaintiff. If the plaintiff had waived his action for the delivery of the wagon, and brought assumpsit to recover its value, the defendant's attitude would be different, and what is now a defence merely would then become a counter-claim.

An allegation of new matter not relating to a counter-claim, is to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may require. (*Code,* § 168.) The claim set up by the defendant went to the right of possession of the wagon, as suggested, and not to a claim against him upon a money demand on contract, to which counter-claims *eo nomine* under the Code are confined.

· The application for a new trial, on the ground of surprise, must be denied. No surprise was stated at the trial. In fact, the state of the accounts between the parties was the subject of evidence on both sides. Whether the plaintiff owed the defendant the money for repairs, involved the examination of their accounts; and the point thus presented was one which could reasonably have been anticipated. We cannot say, that want of skill, care, or attention to this branch of the case, can be justly imputed, or that injustice has been done. In the absence of these elements, a new trial should not be granted. (1 *Grah. & W., on New Trials,* 168.).

Judgment affirmed, with costs.