THE HICKSVILLE AND COLD SPRING BRANCH RAILROAD COMPANY *vs.* THE LONG ISLAND RAILROAD COMPANY.

THE LONG ISLAND RAILROAD COMPANY *vs.* THE HICKSVILLE AND COLD SPRING BRANCH RAILROAD COMPANY.

A counter-claim, or defense of an equitable nature, may be interposed although the claim or demand mentioned in the complaint is purely of a common law nature, or for the recovery of money only.

If the claim and counter-claim arose out of the same transaction or contract, there is no necessity for a cross action by the defendant.

The plaintiff sued to recover six months rent of its branch railroad, under a written lease thereof to the defendant, and the defendant set up as a counter-claim, an extinguishment of the right to recover rent, arising from a tender of the purchase price of the branch road, under an option or privilege contained in the lease, before the rent accrued, &c. The lease was of the

branch railroad, the land upon which the same was built, embracing the titles, &c. and generally the property "*as it now exists,*" (at the date of the lease,) the cost of which was $45,304. The right to purchase was of the *demised premises,* upon payment of the said cost thereof, and all rent computed to the time of purchase; and upon payment, the said *demised premises* were to be conveyed, free from incumbrance. When the tender was made, the defendant required the plaintiff to convey to the former company a *perfect title,* or to convey *with covenant of warranty* as to the title.

*Held* that the defendant, when making such tender, required more than its contract permitted; and the tender was therefore no bar to the claim for rent, and did not prevent its accruing in future.

*Held, also,* that the plaintiff not having demanded, but on the contrary, having resisted, a specific performance in the manner claimed by the defendant; and the defendant having sought to compel the plaintiff to complete its title, at an additional expense, by the tender of the cost, only, of the demised premises, as they existed at the date of the lease, neither party was in a condition to demand a specific performance, in respect to a conveyance of the premises.

*Held further,* that the facts did not warrant a decree compelling the defendant to pay $45,304, as upon an option or privilege of which it had never sought to avail itself.

A claim made for relief, or for a deed, upon terms to which a party is not entitled, does not subject him compulsorily to accept a deed upon some other terms.

In such a case the relief demanded should be denied, simply with or without costs, according to the regulated discretion in equity cases.

APPEAL by the Long Island Railroad Company from judgments entered in the above actions, at special term. The actions were tried together. By an agreement, dated the 22d of November, 1853, the Hicksville and Cold Spring Branch Railroad Company agreed with the Long Island Railroad Company "to cause its road to be built" from Hicksville to the neighborhood of Philetus Ketcham's, at Syosset; and that "after being finished" to that point, the branch road should be operated and used solely by the Long Island Railroad Company, the latter paying to the Branch Company for such use at the rate of seven per cent per annum on the cost, and the taxes. This agreement contained further provisions for extending the branch from Syosset to Cold Spring, and operating the same when thus extended, and

giving the Long Island Railroad Company the right to purchase the branch road at cost, at any time. Prior to March, 1863, the branch was completed to Syosset, and operated by the Long Island Railroad Company. The cost of the road to that point was stated to be $45,304, and the Long Island Railroad Company paid for its use $3171.28 per annum, in semi-annual payments. On the 4th of March, 1863, a lease was executed by the Hicksville and Cold Spring Branch Company to the Long Island Railroad Company, reciting the agreement of November 22d, 1853, the completion of the branch road to Syosset, the cost thereof, and that it was deemed expedient to embrace in a separate lease the road so "completed," and also referring to various acts of the legislature extending the time for building the road to Cold Spring. By this lease, the Hicksville and Cold Spring Branch Railroad Company demise " *All their railroad* with the iron laid upon the same, as so built from Hicksville to the neighborhood of Philetus Ketcham's, (now called Syosset,) *and the land upon which the same is built*, embracing the titles and rights of way granted by various different persons, and including the piece of land at Syosset, which was conveyed to the parties of the first part by John H. Jones, and generally the property as it now exists, the cost of which to the parties of the first part was included in the before mentioned sum of $45,304, with the appurtenances," for and during the existence of the charter of the Long Island Railroad Company, and any renewals thereof, *unless sooner ended by purchase*, at the yearly rent of $3171.28, payable half yearly on the 15th of January and July, and the annual taxes " upon and for the said *road* and *land* with its appurtenances." The lease contains special covenants in relation to the running of trains, &c. with a covenant for quiet enjoyment, and closes with the following covenant : " And it is hereby covenanted and agreed by the parties of the first part, that the parties of the second part shall have the right to purchase the said demised premises at any time, upon payment of the aforesaid cost thereof, namely,

the sum of $45,304, and all the rent computed up to the time of said purchase, and that upon such payment the party of the second part *shall be entitled to a conveyance of said demised premises, free from incumbrances."*

On the 26th of April, 1863, the Long Island Railroad Company elected to purchase the branch road, and notified the Hicskville company of such election, requesting the president to name a time when the Hicksville company would be ready to make the conveyance. To this, the Hicksville company replied by appointing the 29th of May, 1863, at 12 o'clock for the payment of the purchase money and the delivery of the deed, and stated that the purchase money should be paid to the treasurer of the company at his office. The Long Island Railroad Company gave notice of their acceptance of this appointment. At the time and place appointed, the president of the Long Island Railroad Company attended with counsel, and handed the purchase money, and the rent computed to that date (29th of May) to the treasurer of the Hicksville company. The amount was found correct. The president of the Hicksville company and its counsel were present. They produced a deed, which they proposed to execute and deliver, to some clauses in which the counsel for the Long Island Railroad Company objected. The Long Island Railroad Company also claimed that the title of the Hicksville company to its roadway was defective, in that the road passed over the lands of certain persons *the right of way over which had not been procured by the Hicksville company.* Also that in various of the conveyances to that company, the wives of the grantors had not joined, and they had outstanding dower rights therein ; and as to a portion of the land, the purchase money agreed upon for the right of way had not been paid, and they required that those *defects should be cured,* or that the Hicksville company should give a covenant of *warranty.* The Long Island Railroad Company refused to accept the conveyance offered, assigning as reasons as well the objections to the form of the deed as the objec-

tions to the title, and claiming that a good title should be conveyed. The purchase money was thereupon returned by the treasurer of the Hicksville company to the president of the Long Island Railroad Company, and he deposited it in bank, where it has ever since remained, kept at all times in reserve. An executed deed, similar to the one offered on the 29th of May, was tendered to the president of the Long Island Railroad Company, on the 25th of July, 1863, by the attorney of the Hicksville company, and payment of the $45,304, and of the rent accrued, was demanded. The president requested that the deed, or a copy of it, be left with him for examination, which was declined. The tender was made at three or four o'clock in the afternoon, at Hunter's Point. No previous notice of the tender had been given. The money was not paid. The attorney for the Hicksville company then demanded the rent to July 15th, 1863. It was not paid. The deed so tendered did not obviate the objections existing to the one offered on 29th of May. The title of the Hicksville company to its roadway was in fact imperfect ; as to some parcels of land, the right of way had not been procured ; as to others, there were outstanding rights of dower.

The Hicksville company brought the first above entitled action for the recovery of the rent falling due on the 15th of January, 1864. The Long Island Railroad Company set up, by way of defense and counter-claim, the covenant to convey, and tender of performance by them, and prayed for a specific performance by the Hicksville company. The Long Island Railroad Company also brought a cross-action for specific performance, being the action secondly above entitled. The court rendered judgment for the rent falling due January 15th, 1864, and also that the Hicksville company do execute and deliver a deed to the Long Island Railroad Company, the form of which is settled by the judge, and that on the delivery of such deed, the Long Island Railroad Company pay $45,304, with rent to the time of payment.

The form of deed settled by the judge restricts the covenant against incumbrances, to incumbrances created by the Hicksville company.

*C. A. Rapello* and *A. J. Vanderpoel*, for the appellant.

*C. A. Hand*, for the respondent.

*By the Court*, LEONARD, J.   The Hicksville Company sue to recover six months' rent of their branch railroad, under a written lease with the Long Island Company, and the last mentioned company set up, as a counter-claim, an extinguishment of the right to recover rent arising from a tender of the purchase price of the branch road, under an option or privilege contained in the lease, before the rent accrued, and also demand a specific performance of the agreement to convey, and that the Hicksville Co. may be compelled to perfect their title and extinguish all incumbrances.

The action of the Long Island Co. against the Hicksville Company, is to the same effect as the counter-claim above mentioned.

Judgment was rendered, dismissing the complaint in this action, and in the action of the Hicksville Company, the Long Island Company was adjudged to pay the rent claimed, and the plaintiff was adjudged to convey their railroad, free of incumbrances created by themselves, and upon the delivery of the deed the Long Island Railroad Co. were adjudged to pay the purchase price named in the lease, with interest from the 15th of January, 1864, up to which time the Hicksville Company recovered rent in the said action.

The merits of the controversy were tried in the action of the Hicksville Co.   There was no necessity for the cross-action by the Long Island Co., inasmuch as the claim and counter-claim arose out of the same transaction or contract, and it is well settled as law, that a counter-claim, or defense of an equitable nature may be interposed, although the claim

or demand mentioned in the complaint is purely of a common law nature, or for the recovery of money only.

This rule appears to be in conformity with the provisions of the Code in respect to equitable defenses.

This is the only question involved by the appeal in the action of the Long Island Co. The Long Island Co. required the Hicksville Co. when the tender was made, to convey to them a perfect title, or to convey with covenant of warranty as to the title. The latter Company were willing to accept the money tendered, but the Long Island Co. insisted upon these terms, and carried their money away.

The lease was of the branch railroad, the land upon which the same is built, embracing the titles, &c. and generally the property *as it now exists* (at the time of the lease,) the cost of which is $45,304, &c.

The right to purchase was of the *demised premises,* upon payment of the said cost thereof, and all rent computed to the time of purchase.; and upon payment, the *said demised premises* were to be conveyed, free from incumbrance.

The Long Island Co. clearly required more than their contract permitted, when they made their tender. The tender was, therefore, no bar to the claim for rent, and did not prevent its accruing in future.

The question of specific performance brings into consideration other facts and circumstances. The relief granted is substantially as if the Hicksville Company were permitted the option, and had made a right tender of a deed to the Long Island Co., and had sued for payment of the consideration. There has been no tender by the Hicksville Co. of such a conveyance as the Long Island Co. were entitled to. They offered a deed which has been found by the judge who tried the case to be not in conformity with the privilege granted. The learned judge has prepared a deed, and adjudged that the Hicksville Co. shall execute and deliver such an one to the Long Island Co. This deed contains a covenant against

their own acts by which incumbrances have been or may be created.

Simultaneously with the delivery of this deed, the Long Island Co. are adjudged to pay the Hicksville Co. the principal sum of $45,304, with interest, &c. The right of the Long Island Co. to receive the deed, is conditioned upon payment. And from the time of such payment, rent and interest are to cease.

I think it is entirely clear that neither party was in a condition to demand a specific performance in respect to a conveyance of the premises. The Hicksville Company did not demand, but on the contrary resisted, a specific performance in the manner claimed by the Long Island Co. The Hicksville Co. could make no such claim, and had no right of action whatever, to recover the price for a conveyance of the premises demised or leased to the Long Island Company.

The Long Island Co. sought to compel the Hicksville Co. to complete their title, at an additional expense, by the tender of the cost only of the demised premises, as they existed at the time of the lease.

The option does not contemplate that the Long Island Co. shall have a conveyance, except upon payment of cost ; and the cost, as the road existed when the lease was executed, was agreed upon at $45,304. They had the privilege to acquire so much as the Hicksville Co. then had, at that price. If more should be acquired, the cost would then be more, and the Long Island Co. would have the additional cost to bear. That company made no tender for any additional cost ; nor could they, for the amount was not known.

There is no covenant on the part of the Hicksville Co, for the acquisition of additional titles. If there were such a covenant, it would not be within the province of a court of equity to decree its performance, and without such a covenant there is not a shadow of claim to compel the acquisition of other titles.

There has never been any indication of an option by the

Long Island Co. to avail themselves of the right to obtain such a deed as the special term has adjudged. Under the tender, such as it was, that company could not have compelled the execution of such a deed as the court have thought proper to award ; literally to crowd upon that company a conveyance which is not regarded as any relief. I can find nothing in the facts which will permit the decree compelling the Long Island Co. to pay $45,304, as upon an option or privilege of which they have never sought to avail themselves. They have never put themselves in condition to be subjected to such terms. A claim made for relief, or for a deed, upon terms to which a party is not entitled, does not subject him compulsorily to accept a deed upon some other terms. In such a case, the relief demanded should be denied, simply, with or without costs, according to regulated discretion in equity cases.

The court below should have rendered judgment for the rent due, with interest and costs of the action, in the action brought by the Hicksville Co. and have denied the relief demanded by the answer, and should have also dismissed the complaint of the Long Island Company with costs.

The present decree has more the appearance of an award by an arbitrator, to whom the parties had referred their matters in dispute, than the judgment of a court regulated by law and precedent.

I think the decree should be modified in conformity with my opinion, as above expressed, without costs in the first case, and with costs against him in the other.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, J. C. Smith* and *Ingraham,* Justices.]