### BARKER v. PLATT.

(*Supreme Court, Special Term, New York County.* June 19, 1888.)

SET-OFF AND COUNTER-CLAIM—IN ACTIONS OF TORT—INDEPENDENT TRANSACTIONS.

Where plaintiff sues for the conversion of moneys due him, and collected by defendant without authority, a claim for commissions due defendant for sale of lumber as plaintiff's broker cannot be set up as a counter-claim, under Code N. Y. § 501, providing that, in an action of tort only, such matters can be set up as counterclaims as arise from or are connected with the transaction set up in plaintiff's complaint.

On demurrer to counter-claim.

Samuel B. Barker sued George P. Platt for conversion, for collecting $2,500 due plaintiff for goods sold by defendant, as his agent, on commission, but without authority to collect. Defendant admitted receiving the money, claimed authority to collect, and set up as counter-claim a claim for commissions alleged to be due, for $3,000. Plaintiff demurred to the counter-claim.

*Charles B. Hubbell,* for plaintiff. *Charles H. Griffin,* for defendant.

INGRAHAM, J. The cause of action set up in the complaint is clearly an action in tort, and not on the contract between plaintiff and defendant. For the plaintiff to maintain his cause of action he must prove that the moneys collected by the defendant belonged to the plaintiff, and that the defendant had collected and received the money without authority from the plaintiff. The cause of action arises out of the unlawful conversion by the defendant of the plaintiff's money, and it is entirely immaterial whether the defendant sold the lumber as the agent of the plaintiff or whether the plaintiff sold it directly. If the defendant had authority to collect the money, the plaintiff cannot recover. The subject of the action, therefore, was wholly distinct from the contract between the parties, and from any claim of the defendant for money due him from the plaintiff under that contract. The case of *People* v. *Dennison,* 84 N. Y. 280, therefore applies. If this claim should be sustained, and the plaintiff should fail to prove on the trial that the defendant had unlawfully converted his money by collecting it without authority, the plaintiff must fail in his action; yet the defendant could proceed under the counterclaim, and recover an affirmative judgment against the plaintiff upon the contract. To establish a counter-claim in an action in tort under section 501 of the Code, the cause of action must have arisen out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, and this counter-claim alleged in the answer of the defendant, not arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject-matter of the action, is not allowed by that section. The demurrer must therefore be sustained, and judgment ordered for plaintiff, with costs, with leave to defendant to amend his answer within 20 days, on payment of costs.