## FOULKS *v.* WHITE.

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

1. SET-OFF AND COUNTER-CLAIM—FAILURE TO PLEAD—ACTION FOR WAGES.

    In an action for wages defendant claimed that a sum of money which he had paid in a certain transaction in which plaintiff was interested should be applied in part payment of the wages sued for; but there was no agreement to that effect, and plaintiff claimed that such sum had been paid in consideration of certain property conveyed by him to defendant. The latter also claimed that a set-off of such sum should be allowed because plaintiff had no title to the property conveyed. *Held* that, as no set-off or counter-claim was pleaded, such offset was properly disallowed.

2. APPEAL—REVIEW—HARMLESS ERROR.

    Any error in a refusal to charge that plaintiff had no interest in the property conveyed to defendant was cured, where the jury found that the defendant was not liable therefor.

Appeal from circuit court, Kings county.

Action by John W. Foulks against Jefferson H. White, to recover for wages claimed to be due plaintiff; and also to recover an amount claimed to be due on the purchase price of certain letters patent sold to defendant. Plaintiff was employed for a year at a salary of $1,500, and claimed that only $1,000 had been paid to him under the contract. He further claimed that by the agreement for the conveyance of the letters patent he and defendant

were each to advance an equal amount for the purchase of machinery; that defendant had advanced the full amount necessary for the purchase, namely, $700; and that one-half of such sum—$350—he had credited on the amount due from defendant for the patents. The defendant admitted that there was $80 still coming to plaintiff for services, but claimed that the sum of $350 above mentioned should be applied on plaintiff's salary. The jury returned a verdict of $430 for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Doherty, Durnon & Hendrick,* for appellant. *Goodrich, Deady & Goodrich,* for respondent.

PRATT, J. There is no question that plaintiff became entitled to receive $1,500 from defendant upon fulfillment of his duty under the contract. This he did until May, when his discharge by defendant operated to relieve him from further fulfillment of its terms. Therefore, as to the $430 claimed under the contract for services, the only question is, have they been paid for? It is not claimed that they have been directly paid for, but defendant claims that he has expended $700 upon a certain business in which plaintiff had some interest, and that for one-half of that sum, viz., $350, the plaintiff became liable in defendant's debt; and the claim is made that said sum of $350 should be taken as a payment to the $1,500 agreed to be paid for the year's services. There is no evidence that any agreement was made by the parties when the $700 was expended, or at any other time, that plaintiff's share—$350—should be taken as a payment upon his wages. It follows that advantage of that $350 could only be taken by way of set-off or counter-claim. Neither is pleaded. Had the jury found in defendant's favor upon the question of payment, the verdict would have been erroneous, as there is no evidence to sustain that plea. The plaintiff was therefore entitled to a verdict in his favor for $430.

As to the second cause of action the jury found a verdict in favor of defendant, and, as plaintiff does not appeal, we have no need to consider whether the verdict was right.

Two exceptions only were made to the judge's charge. One was to the refusal of court to charge that plaintiff had no interest in the patents which he could convey. It appears that one Lawton had advanced $1,500 upon the patents, secured by an assignment absolute in form. Upon those facts the court wisely declined to charge that plaintiff had no interest to convey. But were that error, yet, as the verdict on that branch of the case is in defendant's favor, such error has not prejudiced defendant. Defendant's request that the jury be charged that the $350 which plaintiff alleged was paid as part of the purchase price of the patents might be offset against the $430 due for wages, on the ground that the consideration for the patent transfer had failed, was properly denied for various reasons: *First,* as already pointed out, no such set-off or counter-claim is pleaded; *second,* as plaintiff had an interest remaining in the patents, notwithstanding his conveyance to Lawton, the consideration had not failed; *third,* the request required the court to disregard the evidence offered in behalf of defendant that the $350 was not paid in part payment for the transfer of the patents, but for an entirely different purpose. The plaintiff is clearly entitled to the verdict in his favor, and judgment is affirmed, with costs. All concur.