DELLER *v.* STATEN ISLAND ATHLETIC CLUB.

(*Supreme Court, General Term, Second Department.*  February 11, 1889.)

1. CORPORATIONS—CONTRACTS—POWERS OF AGENTS.
   Plaintiff agreed to keep a restaurant for the exclusive use of members of the defendant club and its guests, to be open at such times as may be designated by the house committee of such club.   *Held,* in the absence of restrictions on the powers of the house committee, that plaintiff could recover for meals furnished to guests of the club by request of members of the committee.

2. SET-OFF AND COUNTER-CLAIM—PROOF OF DEMAND—JUDGMENT.
   Plaintiff stated, on opening his case, that the amount sued for was less than the original claim of plaintiff by the amount of a counter-claim, which was not disputed. *Held,* that the court was not justified, on dismissing the complaint, in directing a judgment on the counter-claim without any proof having been offered in support of it.

Appeal from Richmond county court.

Action by George Deller against the Staten Island Athletic Club, a corporation, to recover for meals furnished to the club.   An agreement existed by which the plaintiff rented the club-house of the defendant, and was to keep and maintain a *café* and restaurant for the exclusive use of members of the club and their guests, to be open at such times as shall be designated by the house committee of the said club.   The plaintiff testified that he furnished meals to the club at the request of Mr. Farris and Mr. Janson, members of the house committee.   Counsel for plaintiff, in opening the case, stated that the amount claimed by plaintiff was less than his original claim by the amount of a counter-claim, which was not disputed by the plaintiff.   From a judgment dismissing the complaint, and for defendant on the counter-claim, plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Powers*, for appellant. *Geo. M. MacKellar*, for respondent.

PRATT, J. Under the agreement between plaintiff and defendant the plaintiff was bound to furnish meals, etc., to defendant at the request of the house committee. He did furnish meals under such request; and was told to charge to the club, and this suit is brought to collect the amount. It is difficult to see how any more plain and definite proof could be adduced to make out the claim. It appears all through the case that Farris was acting for and was the agent of the defendant. He and Mr. Janson were on the house committee, and gave the orders. The meals were furnished to guests of the club. The object of the agreement was to make the house committee agents of the club in managing such matters, and a verdict ought to have been directed for the plaintiff. Again, it was error to direct a judgment upon the counter-claim; there being no proof offered in support of the same, and no admission that the same was due. · Plaintiff gave credit for the amount of the counter-claim when he opened his case, and only claimed for the balance. The defendant makes the point that there is nothing in the agreement for giving credit upon orders given by the house committee. It is plain that the house committee had, under the agreement, the charge of such matters, and had power to bind the club. It was utterly impracticable to demand pay in advance, for the plaintiff could not tell what the bills would be until after the meals, wines, etc., had been furnished. It is also evident, from all the facts, that just such powers were to be vested in the house committee, as it would be impracticable to manage a club in any other manner. If there was any restriction upon the house committee, why were not the by-laws and constitution of the club produced to show it. We cannot assume that the affairs of the club were so managed that, before refreshments could be furnished for its guests, it was necessary to call a meeting of the directors to authorize the house committee to order the same. It is evident the plaintiff furnished the meals, etc., in good faith, upon orders duly given, and that the defendant has had the benefit thereof. . The proof was sufficient to establish the fact that the house committee were the agents of the club, and that the orders upon which the claim arose were binding upon it. Judgment reversed, with costs. All concur.