MERRITT v. GOULEY et al.

*(Supreme Court, General Term, Second Department.   December 10, 1890.)*

COUNTER-CLAIM—FORECLOSURE OF MORTGAGE—BREACH OF WARRANTY.
In an action to foreclose a mortgage for purchase money of land, in which a personal judgment is demanded for any deficiency of the proceeds of sale to pay the mortgage, interest, and costs, a breach of the covenant of seisin in plaintiff's deed of the premises to defendant is a proper counter-claim, under Code Civil Proc. N. Y. § 501, authorizing a defendant to plead, as a counter-claim, "in an action on contract, any other cause of action on contract existing at the commencement of the action."[1]

Appeal from special term, Westchester county.

Action by Jane E. Merritt against John W. S. Gouley and others. From an order denying a motion by plaintiff to strike out part of the answer of said defendant Gouley as sham and irrelevant, and for judgment on said answer as frivolous, plaintiff appeals.

Argued before DYKMAN and PRATT, JJ.

*Nelson H. Baker*, *(Smith Lent*, of counsel,) for appellant. *Julius J. & A. Lyons*, *(Michael H. Cardozo* and *Edgar J. Nathan*, of counsel,) for respondents.

PRATT, J. This is a foreclosure suit of a purchase-money mortgage wherein a judgment of deficiency is prayed for in case a sale fails to produce an amount sufficient to pay the mortgage with interest and costs. The answer, among other matters, puts in issue the amount claimed to be due by

---

[1] See note at end of case.

setting up a counter-claim for damages by reason of a breach of the covenant of seisin in the deed. The plaintiff moved to strike out the answer as sham and irrelevant, and for judgment upon it as frivolous. It is a sufficient answer to this motion that it would require argument to prove that it was frivolous. It is only in cases where the answer is so clearly bad as to require no argument or illustration that the same can be stricken out as frivolous. *Strong* v. *Sproul,* 53 N. Y. 497. Again, that part of the order was not appealable under section 537, Code Civil Proc. The answer is not sham, for it is not proved to be false, and it is not irrelevant if it sets up any defense that can be proved upon the trial. The defendant had a right to contest the amount due, and it was a proper way to do that by setting up a counter-claim. If the plaintiff, at the time the deed was delivered, had no title to or possession of the property, there was a breach of the covenant of seisin at the instant of such delivery which entitled the defendant to damages; and there is no reason in saying that he shall be driven to separate suit upon that covenant when proper relief can be obtained in this one suit. The plaintiff asked for a personal judgment against the defendant upon an action of contract, and the defendant's claim arises out of contract, and falls within the description of a counter-claim under Code, § 501. *Hunt* v. *Chapman,* 51 N. Y. 555; *Bathgate* v. *Haskin,* 59 N. Y. 533; *Seligman* v. *Dudley,* 14 Hun, 186; Wilt. Mortg. Forec. § 376. It is true that it has been held that a breach of the covenant of a deed without eviction cannot be pleaded in bar of a suit to foreclose a purchase-money mortgage. In *McConihe* v. *Fales,* 107 N. Y. 404, 14 N. E. Rep. 285, it is held that a failure of title is no defense to a foreclosure suit without an allegation of fraud in sale or an eviction. But in that case there was no breach of covenant set up as a counter-claim to reduce the amount due in equity upon the bond. The late case of *Kirtz* v. *Peck,* 113 N. Y. 222, 21 N. E. Rep. 130, is to the same effect, but I find no case decided since the enactment of section 501 of the Code which holds that a breach of the covenant of seisin cannot be set up as a counter-claim under such circumstances as exist here. Order affirmed, with costs.

NOTE.

COUNTER-CLAIM—DEFINITION. "A counter-claim must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action: (1) A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of this action. (2) In an action on contract, any other cause of action on contract existing at the commencement of the action." Code Civil Proc. N. Y. § 501.

See, also, Barnes v. Gilmore, 6 Civil Proc. R. 286; Prouty v. Eaton, 41 Barb. 409; Mattoon v. Baker, 24 How. Pr. 329; Insurance Co. v. McKay, 21 N. Y. 191; Leavenworth v. Packer, 52 Barb. 132; Lawrence v. Bank, 3 Rob. (N. Y.) 142, reversed on other grounds in 35 N. Y. 320.

"The subject of an action is either property (as illustrated by a real action) or a violated right." Manufacturing Co. v. Hall, 61 N. Y. 226, 236. It is "the facts constituting the cause of action." Chamboret v. Cagney, 10 Abb. Pr. (N. S.) 31, 36; Lehmair v. Griswold, 40 N. Y. Super. Ct. 100.

WHEN ALLOWABLE—IN GENERAL. Where a stock-broker, who has been holding stock on a customer's account for several years, as partial security for a debt, is sued by the customer on that and other transactions, he is not obliged to realize on the stock before counter-claiming for the whole amount of the indebtedness existing at the time. Mattern v. Sage, 9 N. Y. Supp. 527. To be available as a counter-claim, the demand must be of such nature as will sustain an action by defendant against plaintiff. Ward v. Comegys, 2 How. Pr. (N. S.) 428; Vassear v. Livingston, 13 N. Y. 248; Cragin v. Lovell, 88 N. Y. 258; McKensie v. Farrell, 4 Bosw. 192. A claim may be a valid set-off though the remedy on it is temporarily suspended, so that no action could be maintained on it at the time. Cornell v. Donovan, 14 Daly, 295. Plaintiffs' creditors procured their indorsement on a note which was in excess of the amount of plaintiffs' indebtedness, and which the creditors had indorsed, by representing that the makers of the note were perfectly solvent. The makers of the note were at the time insolvent,

as were the creditors, and the latter, about two weeks thereafter, made an assignment for benefit of creditors, with preferences to the exclusion of plaintiffs, who were forced to pay the note. *Held*, that the representations were fraudulent, giving plaintiffs a right of action in the nature of *assumpsit* against the creditors, which could be set off against the creditors' claim against plaintiffs in the hands of the assignee. GRAY, J., dissenting. Rothschild v. Mack, (N. Y.) 21 N. E. Rep. 726.

In an action for wrongfully taking possession of notes belonging to plaintiff, and wrongfully receiving the money thereon, a counter-claim for services rendered in collecting the notes is proper. Birch v. Hall, 3 N. Y. Supp. 747.

In an action for the value of articles actually furnished under a building contract, where defendant counter-claims for articles purchased by him and called for by the contract, defendant is entitled for such articles to no more than the difference between their contract price and the amount he was required to pay for them, unless at the same time the contractors are credited with the full contract price of the articles. Scribner v. Jacobs, 9 N. Y. Supp. 856.

In an action for partition of land purchased by defendant, and conveyed to plaintiff and defendant jointly, under an agreement between them that plaintiff should pay a certain part of the purchase money and make certain improvements, an answer which alleges that plaintiff entered into the contract fraudulently, as a mere device to obtain the half interest in the land, and that he never performed and never intended to perform his part of the contract, states a good counter-claim. Michel v. Halheimer, 10 N. Y. Supp. 489. A counter-claim cannot be set up in the return in *mandamus*. People v. Order of American Star, 53 N. Y. Super. Ct. 66.

SEVERAL COUNTER-CLAIMS. Defendant may interpose as many counter-claims as he has, and it is no objection that they are inconsistent. Bruce v. Burr, 67 N. Y. 237.

JURISDICTION. Code Civil Proc. N. Y. imposes no limit on the amount of a counter-claim which defendant may set up in a justice's court, and it cannot be objected that such counter-claim exceeds the amount of a justice's jurisdiction. Heigel v. Willis, 3 N. Y. Supp. 497.

CLAIM ARISING OUT OF CONTRACT. Where defendant, in an action on a contract, has a demand against plaintiff on a contract on which he could have sued plaintiff at the time plaintiff sued him, it is available as a counter-claim. Bank v. Gay, 19 Barb. 459; Spencer v. Babcock, 22 Barb. 326; Weeks v. Pryor, 27 Barb. 79; Gleason v. Moen, 2 Duer, 639; Silliman v. Eddy, 8 How. Pr. 122; Williams v. Upton, Id. 205; Kneedler v. Sternbergh, 10 How. Pr. 67; Lemon v. Trull, 13 How. Pr. 248; affirmed in 16 How. Pr. 576, note.

In an action for damages for breach of warranty, defendant cannot, as a counter-claim, recover either the contract price, where the breach consisted in defendant's failure to deliver the article which he agreed to deliver, or the value of the article, where the value is not proved. Riss v. Messmore, 9 N. Y. Supp. 320.

CONTRACT AND TORT. A demand arising out of contract cannot be set up as a counter-claim in an action for conversion, though plaintiff waives the tort. Chambers v. Lewis, 11 Abb. Pr. 210. A counter-claim arising out of contract cannot be interposed in an action founded on fraud. People v. Dennison, 84 N. Y. 273. A demand *ex delicto* cannot be set up as a counter-claim in an action founded on a contract, unless the tort arises out of the transaction set forth in the complaint, or unless there exists between the parties a conventional relation, as an agent who collects money for his principal and refuses to pay it over, in which case the tort may be waived and a recovery had on an implied contract. Bell v. Lesbini, 66 How. Pr. 385. Citing Piser v. Stearns, 1 Hilt. 86.

WAIVING TORT. An action for board and lodging is *ex contractu*, and it cannot be set up as a counter-claim that plaintiff ejected defendant from his room, and converted some of his property to her own use. Such counter-claim is *ex delicto*, and does not arise out of the same transaction as that set up in the complaint, and is not of such a nature that the tort may be waived and a recovery had as on an implied contract. Bell v. Lesbini, 66 How. Pr. 385. Where one has obtained money from another by fraud, the tort arising from the manner in which the money was obtained may be waived and a recovery predicated on an implied contract, so as to make it the subject of counter-claim in an action of contract. Rothschild v. Mack, 21 N. E. Rep. 726. Where an agent converts property of his principal which he agreed to account for, the principal may waive the tort and set up the breach of contract as a counter-claim, in an action against him by the agent on contract. Coit v. Stewart, 50 N. Y. 17.

OPTION OF DEFENDANT TO SUE OR INTERPOSE COUNTER-CLAIM. A defendant is not obliged to set up a counter-claim which arose in an independent transaction, but he may bring a separate action thereon. Potter v. Gates, 9 N. Y. Supp. 87; Gillespie v. Torrance, 25 N. Y. 306; Lignot v. Redding, 4 E. D. Smith, 285; Peck v. Minot, 4 Rob. (N. Y.) 323; Welch v. Hazelton, 14 How. Pr. 97; Halsey v. Carter, 1 Duer, 667; Inslee v. Hampton, 8 Hun, 230; Ruppert v. Haug, 87 N. Y. 141; Brown v. Gallaudet, 80 N. Y. 413.

CLAIM SUED ON IN ANOTHER ACTION—ELECTION. A defendant may set up a counter-claim a demand on which he has already sued plaintiff, but he will be required to elect in which action he will use it. This rule does not authorize defendant to plead the same counter-claim in three separate actions brought by the same plaintiff. Tuckerman v. Corbin, 66 How. Pr. 404; Wiltsie v. Northam, 3 Bosw. 162; Liquot v. Redding, 4 E. D.

Smith, 285. Where defendant brings a separate action on a demand which he has set up as a counter-claim in an action theretofore brought against him, he will be required to elect. Fabbricotti v. Launitz, 3 Sandf. 743; Collyer v. Collins, 17 Abb. Pr. 467.

Code Civil Proc. N. Y. § 495, provides that a plaintiff may demur to a counter-claim on which the defendant demands affirmative judgment, where it appears on its face that there is another action pending between the same parties for the same cause. Section 514 provides that, where the answer contains a counter-claim, the reply may set forth new matter constituting a defense to the counter-claim. Held, that a reply to a counter-claim, demanding affirmative judgment, that another action was pending for the same cause, such fact not appearing on the face of the counter-claim, was proper. Ansorge v. Kaiser, 3 N. Y. Supp. 785.

LEGAL AND EQUITABLE DEFENSES. A counter-claim may be either of an equitable or a legal defense. Currie v. Cowles, 6 Bosw. 453; Hicksville & C. S. B. R. Co. v. Long Island R. Co., 48 Barb. 355.

ASSIGNMENT. Plaintiffs, assignees for the benefit of creditors, received, among the assets of the debtors, a mortgage made by a third party, and assumed by M. The mortgage was not due when assigned to plaintiffs. M. had, at the time of the assignment, a balance on deposit with the debtors, who were bankers, and a certificate of deposit, payable on demand, issued by them. Code Civil Proc. N. Y. § 501, provides that any cause of action on a contract existing at the commencement of a suit on a contract may be set up as a counter-claim. Section 502, subd. 1, provides that in a suit by the assignee of a contract defendant can set off a claim owned by him at the time of the assignment, "if it might have been allowed against the party or the assignee while the claim belonged to him." Held that, as the mortgage was not due at the time of the assignment, M. could not at that time have set off either the deposit or certificate against the mortgage, and could not therefore set them off in a suit by the assignees to foreclose the mortgage when it became due. Richards v. La Tourette, 6 N. Y. Supp. 937.

Under Code Civil Proc. N. Y. § 502, subd. 1, providing that a demand against the assignor of a cause of action, belonging to defendant in good faith, before notice of the assignment, will be allowed against the assignee; and section 1909, providing that the transfer of a demand passes an interest which the transferee may enforce as the transferrer might have done, subject to any counter-claim existing against the transferrer before notice of the transfer,—a counter-claim in favor of defendant against an assignor, which accrued after the assignment, but before notice to defendant, will be allowed. Faulkner v. Swart, 8 N. Y. Supp. 239.

In an action in equity for an accounting with regard to certain business transactions, brought by a husband and wife as assignees of the cause of action which accrued originally in favor of the husband, the defendant may counter-claim a cause of action for breach of contract against the husband, accruing before the assignment. Davidge v. Mayo, 5 N. Y. Supp. 475. Where defendant, in an action for rent by the assignee of the landlord, counter-claims for breach of the contract under which the premises are leased, a charge that plaintiff stood in the place of his assignor for "all" damages sustained on account of the breach of the assignor's agreement, was erroneous under Code Civil Proc. N. Y. § 502, providing that, when an assignee of a claim sues on it, a demand existing at the time of the assignment may be allowed as a counter-claim to the amount of the plaintiff's claim. Brown v. Coleman, 8 N. Y. Supp. 808.

STATUTE OF LIMITATIONS. In an action to recover for services rendered under a contract, defendant may set up a counter-claim for damages sustained by him by reason of plaintiff's neglect to perform the contract in accordance with its terms, though his right to maintain an original action against plaintiff for such damages is barred by limitation. Herbert v. Day, 33 Hun, 461.

COSTS. Where an assignee for benefit of creditors recovers judgment in a suit brought by his assignor, defendant can set off against it judgments for costs recovered by him after the assignments in suits brought previously against him by the assignor. Stillings v. Smith, 54 N. Y. Super. Ct. 488.

PENALTIES. An undertaking executed to obtain the arrest of the maker of a note for false representations is a statutory indemnity in the nature of a penalty, and not a contract, and in an action thereon by the assignee of the maker of the note the obligors cannot counter-claim the note assigned to them by the promisee. Furber v. McCarthy, 7 N. Y. Supp. 613. Liability as trustee for corporate debts by reason of failure to file the report required by law is not a proper counter-claim in an action for services rendered. Such liability does not arise out of contract, but is a penalty. Clapp v. Wright, 21 Hun, 240. In an action to recover penalties under the usury laws, demands arising out of contract cannot be set up as a counter-claim. Nash v. Bank, 13 Wkly. Dig. 141.

LIQUIDATED AND UNLIQUIDATED DAMAGES. A counter-claim may be for liquidated or unliquidated damages. Schubart v. Harteau, 34 Barb. 447; Liquot v. Redding, 4 E. D. Smith, 285.

JOINT AND SEPARATE DEBTS. Where plaintiff's assignors sold the good-will, fixtures, etc., of a certain business, and the lease of the premises, to defendants, who gave their partnership notes therefor, and in an action on the notes only one of the defendants appeared and answered, the answering defendant, though the liability was joint, could set up, in the nature of a counter-claim, so far as to defeat plaintiff's recovery, fraudulent representations in the sale of the business. Tilden v. Washburn, 6 N. Y. Supp.

556. In an action by some of the members of a firm and the assignee in bankruptcy of the others, a demand in favor of defendants against all the members of the firm is not a proper counter-claim, as all the persons liable thereon are not parties, and the joinder of the assignee of the bankrupt partners is not sufficient. McCulloch v. Vibbard, 4 N. Y. Supp. 202.

INDEPENDENT TRANSACTIONS. Plaintiff's claim for $300 arising out of a contract to pay $425 for services, was a proper counter-claim against an action by defendant to recover $125 paid to plaintiff on said contract, based on a failure of consideration; being "connected with the subject of the action." Carlin v. Richardson, 1 N. Y. Supp. 772. In an action for malicious prosecution by unlawfully causing plaintiff's arrest, a claim for damages for inducing defendants to sell goods on credit by false representation, which was one of the causes of action for which the original prosecution of plaintiff was commenced, cannot be maintained as a counter-claim, as it does not arise out of the same transaction, and is not connected with the subject-matter of the action, as required by Code Civil Proc. N. Y. § 501. Rothschild v. Whitman, 10 N. Y. Supp. 427.

.Where a complaint alleged as a cause of action services rendered by plaintiff to defendant in leasing and selling certain property before a certain date, and as a second cause of action services rendered by plaintiff as attorney at law after such date, on the retainer of defendant in a suit brought against him, a counter-claim that during the time plaintiff was so retained by defendant he was employed to sell the property mentioned in the complaint, and was guilty of misconduct with regard thereto, could not be allowed, as arising out of the same transactions constituting plaintiff's cause of action. Meeks v. Berry, 3 N. Y. Snpp. 840. A claim for damages to the tenant's credit and business, caused by putting a sign "To Let" on the premises during his occupancy, ·cannot be set up a counter-claim to an action for rent ,as it does not arise out of the contract or transaction sued on, nor is it connected with the subject of the action, nor is it a cause of action on contract. Thorpe v. Philbin, 3 N. Y. Supp. 939. In an action for damages by driving defendant's wagon against the wagon of plaintiff, a counter-claim for injuries in the same collision through plaintiff's negligence is proper, under Code Civil Proc. N. Y. § 501, providing that a "cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of plaintiff's claim," may be the subject of counter-claim. Heigel v. Willis, 3 N. Y. Supp. 497.

In an action for a wrongful arrest, defendant cannot set up as a counter-claim the judgment recovered by it in the action wherein plaintiff was arrested, as the judgment does not arise out of the wrongful arrest, the transaction set forth in plaintiff's complaint, nor is such judgment connected with the subject of plaintiff's action, within the meaning of Code Civil Proc. N. Y. § 501, which permits a counter-claim to be pleaded when it is based on a cause of action arising out of the transaction set forth in plaintiff's complaint, or when it is connected with the subject of the action. Ferris v. Armstrong Manuf'g Co., 10 N. Y. Supp. 750; Same v. New Haven Web. Co., Id. 751. In an action by a lessee for the alleged conversion by the lessors of certain hay and grain, a counter-claim for plaintiff's breach of the conditions of the lease under which they were grown is not "connected with the subject of the action," as required by Code Civil Proc. N. Y. § 501, subd. 1. Adams v. Loomis, 8 N. Y. Supp. 17.

Where plaintiff sues for the conversion of moneys due him, and collected by defendant without authority, a claim for commissions due defendant for sale of lumber as plaintiff's broker cannot be set up, under Code Civil Proc. N. Y. § 501, providing that in an action of tort only such matters can be set up as arise from or are connected with the transaction set forth in the complaint. Barker v. Platt, 1 N. Y. Supp. 416. In an action on a note given for the difference due plaintiff on an exchange of horses, damages for breach of plaintiff's warranty of his horse is a proper counter-claim under Code Civil Proc. N. Y. § 501, which provides that a counter-claim must be a cause of action "arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action." Maders v. Lawrence, 2 N. Y. Supp. 159.

A counter-claim was held, on the following facts, to be "connected with the subject of the action:" Plaintiff, in an action to enjoin the diversion of water, alleged that defendants, by wrongfully excavating the channel of the Grass river, threaten and are about to divert the water from his mill. Defendants alleged as a counter-claim that they were the owners of the right to use such of the waters of Grass river as for 40 years prior to 1865 flowed through a certain canal; that plaintiff's title is subordinate to such right; that in 1865 plaintiff's grantor, by wrongful excavations, diminished the flow through defendant's canal, and increased it through his own, and that plaintiff still maintains his grantor's wrongful encroachment, and that the excavations of which plaintiff complains are proper to restore each party to his proper share of water. Grange v. Gilbert, 44 Hun, 9. In this case another counter-claim, for that plaintiff wrongfully stores and threatens to continue to store logs in the bed of the river, and in season of low water these logs obstruct the natural flow of water into defendant's canal, was held not to be "connected with the subject of the action.".

A cause of action for conversion may be set up as a counter-claim to a cause of action on contract, provided the two causes arose out of or were connected with the same transaction. Hence in an action for rent defendant may set up a counter-claim for conversion of certain articles alleged to have been taken from the premises by plaintiff and

wrongfully applied on the rent claimed, as the two causes arise out of the same trans-
action, within the meaning of Code Civil Proc. N. Y. § 501, defining counter-claims.
Littman v. Coulter, 7 N. Y. Supp. 1, citing Weston v. Turver, 1 N. Y. Supp. 807; Farrell
v. Krone, 24 Wkly. Dig. 89; Morris v. Emmons, 4 N. Y. St. Rep. 882; Cass v. Higenbotam,
100 N. Y. 248, 3 N. E. Rep. 189.

In an action for services rendered in sending telegrams, a counter-claim for address-
ing and delivering to defendant a telegram not intended for him arises out of tort, and
is not admissible. Telegraph Co. v. Milliken, 14 Daly, 170. In an action for a tort, a
counter-claim must arise out of the same transaction as that set forth in the complaint,
or must be connected with the subject of the action. Edgerton v. Page, 20 N. Y. 281;
Kurtz v. McGuire, 5 Duer, 660; Drake v. Cockroft, 4 E. D. Smith, 34; Donohue v. Henry,
Id. 162; Pattison v. Richards, 22 Barb. 143; Bissell v. Pearse, 21 How. Pr. 130; Murden
v. Priment, 1 Hilt. 75; Askins v. Hearns, 3 Abb. Pr. 184; Schnaderbeck v. Worth, 8 Abb.
Pr. 37; McKensie v. Farrell, 4 Bosw. 193; De Leyer v. Michaels, 5 Abb. Pr. 203; Cham-
bers v. Lewis, 11 Abb. Pr. 210; Henry v. Henry, 17 Abb. Pr. 411. In an action for
services rendered as an attorney at law in four actions, defendant may set up as a
counter-claim loss arising from the advice of the attorney in another action, as the
claims of both parties arise out of the same transaction, namely, the employment of the
attorney. Harlock v. Le Baron, 1 Civil Proc. R. 168. In an action for the conversion
of wood, defendant alleged as a counter-claim that the wood in question was grown on
lands on which he had a mortgage; that plaintiff was a junior mortgagee in possession,
and, knowing that the land was insufficient to pay defendant's mortgage, and that the
mortgage was insolvent, wrongfully and fradulently, and with intent to cheat defend-
ant, cut wood on the land, to defendant's damage $500, it was here held that the cause
of action set up in the counter-claim was "connected with the subject of the action."
Carpenter v. Insurance Co., 22 Hun, 49. In an action against defendant in her individ-
ual capacity on her personal contract to pay the funeral expenses incurred on the death
of her husband, of whose will she is executrix, an open account in favor of the testator
against plaintiff is not available as a counter-claim. Blood v. Kane, 6 N. Y. Supp. 353.
In an action for the price of goods sold, failure to deliver promptly may be set up as a
counter-claim. Phillips v. Taylor, 101 N. Y. 639, 4 N. E. Rep. 727.

CLAIMS IN DIFFERENT RIGHTS. A creditor who purchases goods from an assignee for
the benefit of creditors cannot set up, by way of counter-claim, in an action for the
price, any matters which accrued against the debtor before its assignment. Otis v.
Shantz, 8 N. Y. Supp. 293. In an action by the seller against the purchaser for refusal
to accept railroad iron purchased under a written contract, defendant cannot set up
damages caused by a failure of plaintiff to deliver iron under a contract with a com-
pany of which defendant is a stockholder. Iron Co. v. Kelley, 1 N. Y. Supp. 351. A
vendee who assumes a mortgage on the premises is not entitled, when sued on his cov-
enant, to counter-claim for debts due him by the mortgagor. Boyle v. Youmans, 9 N.
Y. Supp. 14.

JUDGMENTS. A judgment by default in favor of J. against defendant for $245 was
assigned to plaintiff in consideration of $1. The default was opened, and plaintiff aft-
erwards recovered a judgment against defendant for $407, which he reassigned to J.
After the default was opened, and before the recovery of the judgment by plaintiff,
defendant became the assignee of a judgment against plaintiff. It was here held that
defendant, having purchased the judgment against plaintiff in the belief that plaintiff
owned the judgment against him for $407, was entitled to set off his judgment against
plaintiff, and his right was not affected by the fact that J. assigned the judgment to
plaintiff only for collection. Cormier v. Constantine, 5 N. Y. Supp. 177. Where an
administrator, as such, has a judgment against defendant, and the latter has a decree
of the surrogate adjudging to him a certain amount from the estate, and directing pay-
ment in a particular manner, even if such order were beyond the jurisdiction of the
surrogate, the court properly refused, on defendant's motion, to apply the amount of
the decree to the judgment, and leave plaintiff to another action for the residue of the
debt. Alexander v. Durkee, (N. Y.) 19 N. E. Rep. 514. Where a client, before the
rendition of a judgment in his favor for costs, assigned all his right and interest therein
to his attorney, the adverse party cannot set off his own judgment in the action.
Strauss v. Seamon, 2 N. Y. Supp. 398. A judgment, being a contract, may be pleaded
as a counter-claim in an action on a contract. Taylor v. Root, *43 N. Y. 335; Cornell v.
Donovan, 14 Daly, 295.

PLEADING. A counter-claim must be pleaded as such, and it is not sufficient to desig-
nate it as a further defense. Bates v. Rosekrans, 37 N. Y. 409; Clough v. Murray, 19
Abb. Pr. 97; Society v. Cuyler, 75 N. Y. 511; Simmons v. Kayser, 43 N. Y. Super. Ct.
131. See, also, Burke v. Thorne, 44 Barb. 363; Burrall v. De Groot, 5 Duer, 379;
Beers v. Waterbury, 8 Bosw. 396; Ward v. Comegys, 2 How. Pr. (N. S.) 428. But it is
sufficient where the relief demanded by the answer shows that a counter-claim was in-
tended. Metropolitan Trust Co. v. Tonawanda, etc., R. Co., 18 Abb. N. C. 368. The an-
swer, in an action against attorneys for moneys collected by them, is sufficient where it
alleges the performance of services by defendants, the value of such services, and the
right of defendants to retain the whole amount sued for, though it does not set up a
technical counter-claim. Ward v. Craig, 87 N. Y. 550. The answer must allege that
the counter-claim is an existing claim in favor of defendant at the commencement of

the action. Heidenheimer v. Wilson, 31 Barb. 636; Rice v. O'Conner, 10 Abb. Pr. 362; Prindle v. Caruthers, 15 N. Y. 425; Mayo v. Davidge, 8 N. Y. St. Rep. 844; Moody v. Steele, 11 Civil Proc. R. 205; Belknap v. McIntyre, 2 Abb. Pr. 366.

An answer in foreclosure proceedings which alleges that the mortgage sought to be foreclosed is invalid, and that defendant claims title under a subsequent mortgage, does not set up a counter-claim, but an equitable defense. Caryl v. Williams, 7 Lans. 416. An answer does not plead a counter-claim where it merely asks that the sum mentioned may be set off against any claim that may be allowed to plaintiff. Improvement Co. v. Staley, 40 N. Y. Super. Ct. 539. A counter-claim cannot be pleaded by a mere allegation following a general denial that defendant "also sets up a counter-claim against the plaintiff for the sum of, " etc. Fox v. Turner, 2 N. Y. Supp. 164.

Where the answer, in an action for rent, admits the rent due, but sets up as a counter-claim that, notwithstanding a covenant for quiet enjoyment in the lease, plaintiff brought suit against defendant for the forfeiture of the lease, without probable cause; that defendant recovered judgment; and that by reason of the action defendant was greatly damaged in his business, such counter-claim is demurrable, because it alleges neither a breach of the covenant, nor a malicious prosecution, and also because it sounds in tort, and does not arise out of plaintiff's cause of action. Rhinelander v. Martin, 7 N. Y. Supp. 154.

In an action for wages defendant claimed that a sum of money which he had paid in a certain transaction in which plaintiff was interested should be applied in part payment of the wages sued for; but there was no agreement to that effect, and plaintiff claimed that such sum had been paid in consideration of certain property conveyed by him to defendant. The latter also claimed that a set-off of such sum should be allowed because plaintiff had no title to the property conveyed. It was held that, as no set-off or counter-claim was pleaded, such offset was properly disallowed. Foulks v. White, 4 N. Y. Supp. 95.

In an action on a contract an answer which alleges as a counter-claim that plaintiff had "knowingly violated the conditions and covenants of the said contract, " but fails to state any facts showing the violation, is fatally defective as stating merely a conclusion of law. Chauvrant v. Maillard, 4 N. Y. Supp. 126. In an action by some of the members of a firm and the assignee in bankruptcy of the others a demand, although a demand in favor of defendants against all members of the firm, is not a proper counter-claim, yet defendants' debt would, if properly pleaded, be a good offset, regardless of the want of parties; and therefore the answer, when viewed in that aspect, would be sufficient, and the objection to the counter-claim would not be waived by plaintiffs' failure to raise it by their reply. McCulloch v. Vibbard, 4 N. Y. Supp. 202.

In Ackerman v. Cobb Lime Co., 3 N. Y. Supp. 892, which was an action for money had and received, plaintiff charged that a common agent had turned over to defendant notes received in payment for plaintiff's goods. On a general denial, the parties stipulated that either might read in evidence entries from the other's account in the common agent's books, and from these it appeared that each had received from the agent notes given in payment of the other's goods, but which had received the larger amount did not appear. It was held that, under the stipulation, defendant was entitled to have the case treated as if he had pleaded a set-off, and a judgment dismissing the complaint was proper.

PLEADING—ASSIGNMENT. Where a note made by plaintiff to a third person, and indorsed to defendant, is set up as a counter-claim, the answer must allege that it was indorsed to defendant before the action was brought. Van Valen v. Lapham, 5 Duer, 689; Chambers v. Lewis, 11 Abb. Pr. 210.

—— SEVERAL DEMANDS. Where a counter-claim is composed of several demands, it is not necessary to set up each demand separately. Ranney v. Smith, 6 How. Pr. 420.

—— IRRELEVANT, REDUNDANT, AND INDEFINITE MATTER. Where a counter-claim contains irrelevant, redundant, and indefinite matter, the remedy is by motion, and not by demurrer. Mattoon v. Baker, 24 How. Pr. 329; Currie v. Cowles, 6 Bosw. 452.

—— ACTION FOR TORT. The answer setting up a counter-claim in an action for a tort must show either that the claim arises out of the transaction on which the action is based, or that it is connected with the subject of the action. Green v. Parsons, 14 N. Y. St. Rep. 97.

—— FAILURE TO DEMAND JUDGMENT. Where a defendant who is sued for consignments of goods to him as a factor sets up as a defense advances to plaintiff in excess of the consignments, but does not demand judgment for the excess, he cannot afterwards maintain an action for the excess. Inslee v. Hampton, 11 Hun, 156.

—— FAILURE TO REPLY. In an action for the price of goods and materials sold and furnished under a contract, the amended answer set up as a counter-claim money paid by defendant to supply deficiencies and damages for 120 days' delay in delivery, which were, as alleged, liquidated by the contract at $10 per day. The contract provided that these damages should be by way of forfeiture. Code Civil Proc. N. Y. § 501, provides that any cause of action in favor of defendant, which tends in any way to diminish or defeat plaintiff's recovery, may be set up as a counter-claim, and under sections 514, 515, a reply is necessary to put in issue the facts alleged. By sections 419, 515, 1215, where the amount claimed is not fixed by the contract, or ascertainable therefrom, the amount claimed is not admitted by failure to reply. *Held* that, while de-

fendant's counter-claim, except as to the amount, was admitted by the failure to reply, he could not avail himself of the advantage by a motion on the pleadings, and at the close of the evidence, for the direction of a verdict for the excess of his counter-claim over plaintiff's claim, no evidence as to the amount of his damages having been offered. Scribner v. Levy, 4 N. Y. Supp. 918. Where no reply is served an allegation of a counter-claim is to be taken as true, under Code Civil Proc. N. Y. § 522, providing that each material allegation of new matter in the answer, not controverted by the reply, where a reply is required, shall be taken as true. Birch v. Hall, 3 N. Y. Supp. 747.

CLAIM SET UP IN ANOTHER ACTION. The fact that a claim has been set up as a counter-claim in one action, and excluded, does not prevent it from being sued on in a separate action, or set up as a counter-claim in another action. Ives v. Goddard, 1 Hilt. 434. Where a counter-claim is passed on by the court or jury and disallowed, the demand is barred. Miller v. Freeborn, 4 Rob. (N. Y.) 608; Hatch v. Benton, 6 Barb. 28.

DISCONTINUING ACTION. After a counter-claim has been set up, plaintiff cannot discontinue his action against defendant's objection. Gwathney v. Cheatham, 21 Hun, 576; Van Alen v. Schermerhorn, 14 How. Pr. 287. The court may refuse to allow a defendant to withdraw his counter-claim at the close of the testimony, where the counter-claim is based on transactions directly involved in the accounting for which the action was brought. Whitman v. Horton, 46 N. Y. Super. Ct. 531.

EVIDENCE. The sole issue being whether the counter-claim was without consideration, notes given by defendant to plaintiff, after the counter-claim became due, being immaterial to the issue, are not admissible. Cohn v. Husson, (N. Y.) 23 N. E. Rep. 573. A note, made by defendant in favor of plaintiff, a short time before a note counter-claimed became due, is not admissible to show that on that date defendant received the amount named in such note to apply in payment of the counter-claim. Id. Under such an issue, evidence as to whether defendant ever claimed that plaintiff was indebted to him is immaterial. Id.

—— JUDGMENT. Plaintiff stated, on opening his case, that the amount sued for was less than the original claim of plaintiff by the amount of a counter-claim, which was not disputed, but did not admit the same was due. *Held*, that the court was not justified, on dismissing the complaint, in directing a judgment on the counter-claim without any proof having been offered in support of it. Deller v. Staten Island Athletic Club, 4 N. Y. Supp. 311.