Cornell *v.* Donovan.

ROBERT G. CORNELL, Appellant, *against* DANIEL DONO-
VAN *et al.*, Respondents.

(Decided December 5th, 1887.)

In an action on an undertaking given on obtaining an order of arrest
which has been set aside, the defendant who has obtained a judgment
in the action in which the order of arrest was given may plead such
judgment as a set-off to plaintiff's claim for damages and expenses sus-
tained by the arrest; but defendant cannot plead a judgment obtained
in an independent suit on such undertaking brought by the attorney
for his costs, the attorney having no right of action on the undertaking
for his costs.

APPEAL from a judgment of the General Term of the
City Court of New York affirming a judgment of that court
entered on a verdict rendered by direction of the court.

In May, 1885, the defendant, Daniel Donovan, commenced
an action in the City Court of New York against the plain-
tiff, Robert G. Cornell, and obtained an order of arrest on
giving an undertaking signed by Donovan as principal and
the other defendants herein as sureties. A motion made at
Special Term to vacate such order of arrest was denied,
and on appeal to the General Term, the order denying the
motion was affirmed; but on appeal to this court, the order
was reversed and the order of arrest was vacated, costs
being awarded to defendant. Donovan, about the same time,
obtained judgment against Robert G. Cornell in his action,
and assigned a third of such judgment to each of his sureties
on the undertaking. Subsequently this action was brought
by Robert G. Cornell on such undertaking to recover dam-
ages sustained by the arrest and the expenses in vacating
the order, etc. The defendants set up as a counterclaim the
judgment obtained by Donovan. Subsequently the attorney
for Robert G. Cornell assigned his right to costs awarded on
the vacating of the order of arrest to John N. Cornell, who
brought an independent action for the same on the under-

taking sued on in this action, and recovered judgment. This action coming on for trial, subsequent to the .entry of such judgment, an amendment of the answer was allowed setting up such costs as a credit to be allowed defendant, and the jury, at the trial, were directed to allow the amount of costs as a credit, though the same had not been paid and the judgment was still in force. The court, at the trial, excluded as a counterclaim the judgment obtained by Donovan against Robert G. Cornell. The jury were directed to find a verdict for plaintiff for the amount of his damages and expenses less the amount of costs for which John N. Cornell had obtained judgment, and the verdict was rendered accordingly. From the judgment entered thereon defendants appealed to the General Term, which affirmed the judgment; and from that decision defendants appealed to this court.

*Horace Secor, Jr.*, for appellant.

*Joseph C. Wolff*, for respondents.

VAN HOESEN, J. — A judgment is a contract of the highest class. An action upon a judgment is an action upon a contract (*Taylor* v. *Root*, 4 Abb. App. Dec. 382). The judgment ·in the action of Donovan against Robert G. Cornell was, I think, available as a counterclaim in this action. It is said that a set-off cannot be valid if it could not be made the ground of an action. That is not the law of this state. The question was exhaustively considered in the case of *Taylor* v. *Mayor &c.* (82 N. Y. 10), and the Court of Appeals held that a claim might be a valid set-off, though for some reason no action upon it could at the time be maintained. A distinction was drawn between the cause of action and the remedy by action, and it was held that though the remedy might temporarily be suspended, so that no action could be maintained, if a good cause of action existed, it might be used as a set-off. There is no doubt that Donovan had a good cause of action against Robert G.

Cornell *v.* Donovan.

Cornell, as he had a judgment against him, nor is there any doubt that this remedy was suspended until leave to sue upon the judgment could be obtained from the court. This left Donovan in a position to plead the judgment as a set-off.

Robert G. Cornell's right to recover upon the undertaking that was given in order to procure the order of arrest is clear. His attorney had no right of action upon it, nor could the attorney by assignment confer any right of action to his transferee. It matters not that a court had adjudged that the law gave to the attorney a right to sue upon the undertaking for the purpose of recovering as his own property the costs that were awarded to Robert G. Cornell when the order of arrest was set aside. That decision was erroneous, and Donovan's remedy was, not to plead the judgment that had been rendered in favor of the attorney's assignee as a bar to this action, but to appeal from that judgment. The rights of Robert could not be affected by any proceedings that were taken, without his authority or consent, by his attorney, who was acting on his own behalf, and asserting a claim that was in hostility to the claim that Robert was prosecuting in this action.

Whether the judgment in favor of the attorney's assignee was erroneous or not, it was not evidence against Robert, who had no part in the litigation between Donovan and his adversary in the other action. It was error to deduct from the plaintiff's claim the amount that had been awarded against Donovan in the action brought by the attorney's assignee.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

LARREMORE, Ch. J.. and J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.