The People ex rel. Amelia E. Reynolds, Respondent, *v.* The Common Council of the City of Buffalo, Appellant.

A contract obligation is impaired within the meaning of the provision of the Federal Constitution forbidding such impairment by state legislation, by any law which prevents its enforcement, or which materially abridges the remedy for enforcing it which existed when the contract was made, and does not supply an alternative remedy equally adequate and efficacious.

No property right acquired by a state statute can be divested by its repeal.

The relator presented a petition to the common council of the city of Buffalo for the allowance of damages to her property, claimed to have been caused by a local improvement. The petition was not granted, but the common council passed a resolution, which was approved by the mayor, requesting the legislature to authorize by law the payment to the relator of a just compensation. The city and the relator subsequently entered into an agreement, in writing, whereby she, for a good consideration, released her claim. An act was, however, thereafter passed (Chap. 393, Laws of 1890), authorizing the common council "to audit and adjust the amount of damages." When appraised, as prescribed by the act, it directed that "the same shall be raised * * * and the amount * * * paid over" to the relator. An appraisal was made and confirmed by order of the court, as required, on February 13, 1891. On March 3, 1891, said act was repealed (Chap. 42, Laws of 1891). The city appealed from the order of confirmation, and the same was affirmed by the General Term. No appeal from its order was taken. On proceedings by mandamus to compel the common council to audit the claim and provide for its payment, *held*, that by the order of confirmation, and the affirmance thereof, it was adjudged that relator had a valid claim; that this judgment involved both the effect of the release and the power of the legislature to pass the act, and so long as it remained unreversed it could not be questioned collaterally or in a proceeding for its enforcement.

Also, *held*, that conceding the words of the act conferring the power to audit and pay the claim were permissive only, they were to be considered as mandatory; that the award of damages, confirmed by the court, had the force and effect of a judgment, and vested in the relator an absolute right to receive the amount; that the obligation thus imposed upon the city was a contract of the highest nature; and that the repealing act was inoperative as to the award so made and confirmed.

(Submitted November 27, 1893; decided December 5, 1893.)

1893.] People ex rel. Reynolds *v.* Common Council. 301

N. Y. Rep.] Statement of case.

APPEAL from order of the General Term of the Superior Court of Buffalo, made December 20, 1892, which affirmed an order of Special Term granting an application by the relator for a writ of peremptory mandamus to compel the defendant to audit a claim for damages to certain property, real estate, belonging to her in the city of Buffalo.

The facts, so far as material, are stated in the opinion.

*W. F. Mackey* and *Geo. W. Browne* for appellant. Chapter 393, Laws of 1890, is simply permissive and is not mandatory, leaving to the discretion of the common council whether it would or would not audit and pay the claim of the relator. (*People ex rel.* v. *Bd. Suprs.*, 1 Sheld. 517; 68 N. Y. 118; *People ex rel.* v. *Mayor, etc.*, 59 Hun, 258; 128 N. Y. 632.) Chapter 393 of the Laws of 1890 was repealed by chapter 42 of the Laws of 1891, before "the report of the commissioners" was presented to the common council for audit, and at the time it was presented to the common council for audit there was no statute authorizing the common council of the city of Buffalo to "audit and adjust the amount of damage sustained by Amelia E. Reynolds, and to raise the amount thereof by local assessment." (Mills on Em. Dom. § 93; *Hampton* v. *Commonwealth*, 19 Penn. St. 329; *People* v. *Police*, 16 Abb. Pr. 473; *People* v. *Hartung*, 22 N. Y. 95; *Hughson* v. *City of Rochester*, 49 Hun, 45; *Butler* v. *Palmer*, 1 Hill, 324; *Nash* v. *White's Bank*, 105 N. Y. 243; *Dubois* v. *Kingston*, 20 Hun, 501; 87 N. Y. 634; *In re N. Y. E. Co.*, 23 Hun, 615; *Van Dyck* v. *McQuade*, 86 N. Y. 49; *People* v. *Roper*, 35 id. 629, 638; *V. W. P. Co.* v. *Beecher*, 26 Hun, 48, 52; 3 Pars. on Cont. 533; *Stevenson* v. *Doe*, 8 Blackf. [Ind.] 513; *Lamb* v. *Schottler*, 54 Cal. 319–323; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.) The act of 1890, under which the proceeding to appraise the relator's damages was had, is retrospective. (*People* v. *Suprs., etc.*, 4 Barb. 64; *Salters* v. *Tobias*, 3 Paige, 338; *Kishkonong* v. *Burton*, 104 U. S. 668; *Westervelt* v. *Gregg*, 12 N. Y. 202; *Mills* v. *Charleston*, 29 Wis. 400.) The act is in violation of the constitutional pro-

vision that " no person shall be deprived of life, liberty or property without due process of law," and is void. (*In re Townsend*, 39 N. Y. 171; Mills on Em. Dom. § 93.) The relator has not shown that she has a clear, legal right, or that the defendant has omitted a duty imposed upon it by statute, and is, therefore, not entitled to the writ asked for. (*People ex rel.* v. *Board of Police*, 107 N. Y. 239; *Gardiner ex rel.* v. *Suprs.*, 17 N. Y. S. R. 983; *N. E. Bank* v. *Stupp*, 18 id. 500; *People ex rel.* v. *Suprs.*, 64 N. Y. 600; *People ex rel.* v. *Wendell*, 71 id. 171; *People* v. *Common Council*, 78 id. 61.)

*O. O. Cottle* and *Daniel McIntosh* for respondent. The act of May 21, 1890 (Chap. 393), was mandatory. Authority was conferred on the common council, and the act provides that " When the amount of said damage is appraised the same shall be raised by the city by assessment," etc. Those words are mandatory, and the authority conferred is also mandatory. (*People* v. *Suprs. Erie Co.*, 1 Sheld. 517; *People ex rel.* v. *Bd. Suprs.*, 68 N. Y. 114; *People* v. *Suprs. Otsego Co.*, 36 How. Pr. 1; *Veazie* v. *China*, 50 Maine, 518; *Milford* v. *Orono*, Id. 529; Endlich on Interp. Stat. § 306, p. 416; *People ex rel.* v. *Vill. of Edgewater*, 51 How. Pr. 280; *People ex rel.* v. *Suprs. Otsego Co.*, 51 N. Y. 401; *People ex rel.* v. *Suprs. Livingston Co.*, 68 id. 114; *Mayor, etc.*, v. *Furze*, 3 Hill, 612; *Barnes* v. *District of Col.*, 91 U. S. 540.) The act authorizing the appraisal and requiring the amount to be raised by assessment, was within the scope of legislative authority. (*People* v. *Suprs. Erie Co.*, 1 Sheld. 517; *Town of Guilford* v. *Suprs. Chenango Co.*, 13 N. Y. 143; *Sinton* v. *Ashbury*, 41 Cal. 530; *Borough of Dunsmore's Appeal*, 52 Penn. St. 374; *People* v. *Flagg*, 46 N. Y. 401.) The rule of *res adjudicata* applies to all judicial determinations, whether made in actions or in summary proceedings, or by judicial officers in matters properly submitted to their determination. (*Culross* v. *Gibbons*, 130 N. Y. 447, 454.) The confirmation of the report of the commissioners to award compensation to the relator for the injuries done to her property

1893.] People ex rel. Reynolds v. Common Council. 303

N. Y Rep.] Statement of case.

by the opening of Elmwood avenue is a judgment. (*Reinhardt* v. *City of Buffalo*, 39 N. Y. S. R. 304; *Mayer* v. *Mayor, etc.*, 101 N. Y. 288; *In re Ferris*, 10 N. Y. S. R. 483; *Dolan* v. *Mayor, etc.*, 62 N. Y. 472.) The act repealing chapter 393 of the Laws of 1890 was unconstitutional and void. (Const. U. S. art. 1, § 10; *Cornell* v. *Donovan*, 14 Daly, 296; *Edwards* v. *Kearzey*, 96 U. S. 595; 4 Wheat. 207; 3 Pet. 290; 2 Greenl. 294; 8 Mass. 430; *Berry* v. *Ransdall*, 4 Metc. 292.) The damages occasioned to the petitioner's property by the extension of Elmwood avenue, having been assessed by commissioners, under and by virtue of an act of the legislature, and the report of the commissioners having been duly confirmed, and the amount of damages having been thus liquidated and settled, the petitioner has a vested right to the sum awarded to her for such damages. (*People ex rel.* v. *Board Suprs. of Westchester Co.*, 4 Barb. 64, 77; Mills' Thompson on Highways [4th ed. 1890], 239; *In re R. & C. R. R. Co.* 67 N. Y. 243; *Woodhull* v. *Little*, 102 id. 165; *People* v. *City of Syracuse*, 78 id. 56, 60; *Barnes* v. *Smith*, 16 Abb. Pr. 422; *Pruyn* v. *Tyler*, 18 How. Pr. 331; *People* v. *Edgewater*, 51 id. 280; *Roosvelt* v. *Cobra*, 17 Johns. 108; *In re Wendell*, 19 id. 153; Story on Const. §§ 1377, 1391; *Dartmouth College* v. *Woodward*, 4 Wheat. 682; *Gilman* v. *Tucker*, 128 N. Y. 190.) The defendant absolutely and unconditionally refused to audit or allow the relator's claim or to levy an assessment. The refusal was not based upon any technical defect in the presentation of the claim, and no such objection can be taken now to prevent the issuing of the writ. (*People* v. *Suprs.*, 68 N. Y. 114, 123; *People ex rel.* v. *Suprs.*, 53 Hun, 254.) The judgment or order appealed from should be affirmed, with costs, and a peremptory writ of mandamus should issue in accordance with the alternative writ, with costs, as directed by the order appealed from. (*People ex rel.* v. *Edgewater*, 51 How. Pr. 280.) The act for the relief of the respondent was valid, she having availed herself of its provisions and prosecuted her claim before the tribunal provided by the law to final judgment.

304 People ex rel. Reynolds *v.* Common Council. [Dec.,

Opinion of the Court, per O'Brien, J.        [Vol. 140.

Her right to the amount adjudged to be due to her was finally vested, and could not be taken away. (*People ex rel. v. Common Council*, 78 N. Y. 56; *City of Buffalo* v. *Chadeayne*, 134 id. 163; *City of Buffalo* v. *Mackay*, 15 Hun, 204; Story on Const. § 1398.)

O'Brien, J. The order appealed from awarded to the relator a peremptory writ of mandamus, directed to the common council of the city of Buffalo, commanding them forthwith to audit and adjust the damages sustained by the relator, which had been appraised at $5,500, in proceedings for opening and regulating a street and to cause that sum to be raised by a local assessment upon the property benefited by the improvement. The following facts appeared upon the application: In the year 1885 the city of Buffalo instituted proceedings under its charter for the extension of Elmwood avenue and took property for that purpose, the same having been appraised by commissioners duly appointed, and payment therefor was made by local assessment. The relator appeared before the commissioners and offered to prove that her property would be damaged by the removal of some buildings adjoining or near her premises. The commissioners refused to allow the proof for the reason, apparently, that the damages claimed were incidental and consequential, and that as none of her lands were actually taken there was no power to make an award in her favor. The report of the commissioners was confirmed by the common council May 11, 1886, and the assessment was directed. The relator appeared before the common council and by petition setting forth her claim asked that compensation be made to her for the damage which she alleged would result to her property. Her petition was heard but not granted, and the common council passed a resolution, which was approved by the mayor, requesting the legislature to authorize by law the payment of a just compensation to her. The legislature did not then act upon the resolution. On the 28th of July, 1887, the city and the relator entered into an agreement in writing whereby the relator, in

consideration of the transfer to her by the city, of certain building and furnishing material, released her claim and agreed to waive all objections on her part to the validity of the assessment made against her property to pay for the improvement. The matter seems to have rested on this arrangement till the passage by the legislature of chapter 393 of the Laws of 1890, which authorized the common council to audit and allow the claim when appraised, and to raise the amount by local assessment and pay the same to her. The act provided that the damages should be appraised by three commissioners to be appointed by the Superior Court of Buffalo, upon notice to the city, and their report approved by the court, before presenting it to the common council for audit. The commissioners were appointed, heard the claim, and made an award for damages. On the 13th of February, 1891, the court, by its order, duly entered, confirmed the report. On the 3d of March, 1891, the legislature passed chapter 42 of the laws of that year, whereby the act of 1890, authorizing the audit and payment of the claim, was repealed. Notwithstanding this repeal the relator presented the claim to the common council for audit, and upon their refusal to allow it or to take any proceedings to provide for its payment by assessment, applied to the court for the writ of mandamus. After the confirmation of the report of the commissioners appointed to appraise the damages, under the act of 1890, by the Special Term of the Superior Court, the city appealed from the order to the General Term, where the order was affirmed and no appeal to this court from that order was taken. The city now claims that the act of 1890, which authorized the audit of the relator's claims, was unconstitutional because it impaired the obligations of the contract between the city and the relator whereby she agreed to and did release all of her claims, and the relator insists that the repealing act of 1891 is void as to her, for the reason that the legislature had no power to affect the right which became vested by the confirmation of the report. As to the contention in behalf of the city, it is not necessary to inquire with

respect to the power of the legislature to authorize claims founded in justice and equity to be paid by local assessment or otherwise, for the reason that it is not now in any position to question the award. It was made by commissioners appointed under a statute duly enacted. It was confirmed by the court at Special Term and that order affirmed at General Term. It has thus been adjudged that the relator has a valid claim, and this judgment involves the effect of the release as well as the power of the legislature to pass the statute. The questions which the city now seeks to raise against the award have all been passed upon adversely to its present contention in another proceeding between the same parties, and so long as that judgment remains of record, unreversed and not set aside, its validity and binding effect upon all parties cannot be questioned collaterally, or in a proceeding for its collection or enforcement. The order of the Superior Court could not have been made without affirming the power of the legislature to pass the law and, in effect, holding that the release was no obstacle to the enforcement of the relator's claim. The city has acquiesced in the adjudication and in this proceeding is concluded. The right of the relator to the writ of mandamus for the enforcement of the award and the effect of the repealing act remains to be considered. It is contended that the act of 1890 simply conferred power upon the common council to audit the claim, leaving it to their discretion whether it should be exercised or not. The words are that the common council "is authorized to audit and adjust the amount of damages" and when appraised "the same *shall* be raised   *   *   *   and the amount   *   *   *   paid over," etc. It would be a liberal construction of this language in favor of the city to say that it was simply permissive, but assuming that it was, the rights of the parties must be governed by the rule of law that permissive words used in statutes conferring power or authority upon public officers or bodies, will be held to be mandatory where the act authorized to be done concerns the public interest or the rights of individuals. (*People ex rel., etc., v. Suprs. of Livingston Co.,* 68 N. Y. 114; *People ex rel., etc., v. Supervisors*

*Otsego Co.,* 51 id. 401 ; *People* v. *Common Council of Syracuse,* 78 id. 56 ; *Mayor, etc.,* v. *Furze,* 3 Hill, 612 ; *Lower* v. *U. S.,* 91 U. S. 536 ; *Barnes* v. *Dist. Col.,* Id. 540.)

We have seen that the report of the commissioners under the statute, awarding damages to the relator in the sum of $5,500, confirmed by an order of the court, had all the force and effect of a judgment creating an obligation on the part of the city to pay. ( *Woodhull* v. *Little,* 102 N. Y. 165 ; *People* v. *C. C. of Syracuse, supra.*) It vested in the relator, when the order of confirmation was entered, an absolute right to receive the amount. It created an obligation on the part of the city to pay and in this sense was a contract of the highest nature. ( *Cornell* v. *Donovan,* 14 Daly, 295.)

All contract obligations are protected from impairment by state legislation by the provisions of the Federal Constitution. The obligation of a contract is impaired in the constitutional sense, by any law which prevents its enforcement, or which materially abridges the remedy for enforcing it which existed when it was contracted, and does not supply an alternative remedy equally adequate and efficacious. ( *McGahey* v. *Virginia,* 135 U. S. 662.) No property right acquired under a state statute can be divested by repeal. ( *People* v. *O'Brien,* 111 N. Y. 1.)

The remedy subsisting in a state when and where an obligation is made or created and is to be performed is a part of the obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution and is, therefore, void. ( *Edwards* v. *Kearzey,* 96 U. S. 595.)

This provision of the Constitution cannot be evaded by indirect methods. The obligation of a municipal corporation cannot be impaired by restraining its power of taxation to the point of disabling it from performance, or by a repeal of the law under which the obligation was to be enforced, or by enacting statutes of limitation that do not allow a reasonable time for bringing the action any more than by open and avowed assaults upon the contract itself. In this case the

repealing act could have no other purpose than to prevent the
audit and payment of the relator's claim, but whatever the
motive which prompted the legislation, it is clearly inoperative
and void as to the award made by the commissioners and con-
firmed by the court.

The order·should, therefore, be affirmed, with costs.

All concur, except GRAY, J., not voting. ·

Order affirmed.