George W. Moore, Respondent, *v.* Hanover National Bank of the City of New York, Appellant.

*Action to enforce a promissory note — where it may be brought — the laws of the State in which it is brought control the remedy — the judgment is a contract — right to recover for money had and received where such laws are violated.*

Where a promissory note, executed and indorsed in the city of New Orleans, for use in the city of New York where it is made payable, is discounted by a national bank doing business in the city of New York, such national bank may maintain an action upon the promissory note either in the State of New York or in the State of Louisiana.

If it elects to bring the action in the State of Louisiana, it becomes bound by the laws of that State and is required to conform thereto in procuring a judgment and enforcing the same.

A judgment obtained by the bank in Louisiana constitutes a contract between it and the judgment debtors, the terms of which are fixed by the laws of that State.

Where it appears that the bank, after recovering in the State of Louisiana a joint judgment against two of the indorsers upon the promissory note, released one of the joint debtors and subsequently, in violation of a statute of Louisiana, providing that such a release limits the enforcement of the judgment against the remaining judgment debtor to his proportionate amount of such judgment, collected from the remaining judgment debtor, under the judgment, an amount in excess of his proportionate share thereof, such judgment debtor may maintain an action against the bank in the Supreme Court of the State of New York to recover the amount of the excess so collected from him.

Van Brunt, P. J., and Patterson, J., dissented.

Appeal by the defendant, the Hanover National Bank of the City of New York, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of

the county of New York on the 27th day of December, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the defendant's demurrer to the complaint.

*Paul Fuller*, for the appellant.

*George Ryall*, for the respondent.

HATCH, J. :

The complaint avers that the defendant is a banking association, organized and incorporated under and by virtue of an act of the United States, and doing business in the city of New York, borough of Manhattan ; that theretofore, and at the city of New Orleans, in the State of Louisiana, the plaintiff, with one Byrne, without consideration and solely for the accommodation of the Robt. H. Chaffee Company, Limited, maker, indorsed a promissory note for the sum of $10,000 ; that said note was made payable to the order of this plaintiff and said Byrne ; was indorsed at the city of New Orleans and payable at the defendant's place of business in the city of New York ; that when so made and indorsed it was received by the defendant and discounted for the account and benefit of the maker, who received the proceeds ; that the maker promised and agreed to take up and pay said note when the same fell due, but failed so to do ; that the defendant, after the said note became due, and on or about the 20th day of March, 1895, brought an action in the Circuit Court of the United States, fifth circuit, eastern district of Louisiana, in which action this plaintiff and said Byrne were defendants and the defendant Hanover National Bank of the City of New York was plaintiff; that a judgment was recovered therein against the plaintiff and said Byrne *in solido* for the sum of $10,000, with interest and costs, as indorsers upon the note. (The judgment was annexed to the complaint and made a part thereof.)   That subsequent to the rendition of said judgment, the plaintiff therein procured to be issued an execution to the sheriff of the parish of Orleans in the State of Louisiana, and said sheriff, pursuant to the directions contained in said execution, levied upon and sold certain real property of this plaintiff in satisfaction of said judgment; that the proceeds of such levy and sale, amounting to the sum of $9,569.45, were applied by the sheriff to the payment of said judg-

ment on or about the 10th day of July, 1896; that the plaintiff herein by reason of these facts became entitled to recover and receive from the said Byrne, his co-defendant in said action and judgment, a contribution of one-half of the amount so recovered from the plaintiff, amounting to the sum of $4,479.17; that the defendant herein did on or about the 6th day of February, 1896, receive and accept from the said Byrne the sum of $500, and in con sideration thereof, did release and discharge Byrne from any and all liability to the defendant herein for and on account of said judgment, expressly reserving, however, in said release all of the defendant's right and claim to enforce said judgment against the plaintiff herein; that this plaintiff had no notice of such release, and the same was not discovered by him until in or about the month of May, 1897; that after the rendition of the judgment and the levy and sale thereunder, as above set forth, and subsequent to the release of the said Byrne from said judgment, the plaintiff herein, in or about the month of May, 1897, instituted legal proceedings to compel contribution by the said Byrne of his proportionate share of the amount so collected of the plaintiff; that the said Byrne appeared in such proceedings and produced and proved the release to him by the defendant, and by reason thereof the plaintiff was unable to enforce contribution, or payment by him, of such proportionate share; that under and by virtue of the provisions of the statutes of the State of Louisiana it is provided that a release or discharge of one of the co-debtors *in solido* discharges all the others, unless the creditor expressly reserved his right against the other co-debtor; that the effect of such reservation, however, is to preclude the enforcement of the claim against the co-debtors beyond their proportionate share thereof, the purpose and object of the statute being to compel the creditor, so releasing a co-debtor, jointly and severally liable, to limit the recovery from the co-debtors not released to the amount of his or their proportionate share, as such release defeats such co-debtor's rights to subrogation to claim contribution or equal payment against his co-debtors; that by the statutes of Louisiana the releasing creditor is regarded, where he collects the whole sum from the co-debtor, after executing a release, as having been paid money on the supposition of an obligation which did not exist.

The complaint further avers that the defendant did not deduct

from the judgment, or from the proceeds resulting from its enforcement, the sum which the plaintiff herein was entitled to enforce under the statute against his co-defendant Byrne; that the amount or sum for which the defendant is liable by reason of the facts hereinbefore set forth, and the giving of said release, is the sum of $4,479.17, with interest at five per cent from the 10th day of July, 1896, and for such sum the plaintiff demands judgment.

The complaint also avers the laws and statutes of the State of Louisiana as contained in the Civil Code thereof, the specific provisions of which are as follows: "Art. 2203: * * * The remission or conventional discharge in favor of one of the co-debtors *in solido* discharges all the others, unless the creditor has expressly reserved his right against the latter. In the latter case he cannot claim the debt without making a deduction of the part of him to whom he has made the remission." "Art. 2301: * * * He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." "Art. 2304: * * * A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released." It clearly appears from the averments of the complaint that after the judgment was rendered against the plaintiff and Byrne, and before the enforcement of the judgment, the bank released the defendant Byrne from all liability upon the judgment for the sum of $500, and then proceeded to enforce the same for the full amount, due and unpaid thereon, by a levy upon, and a sale of, the plaintiff's property. It also clearly appears from the averments of the complaint that by such act the plaintiff herein was precluded from enforcing contribution against his codebtor Byrne, and this result appears whether we regard the legal proceedings which are alleged therein to have been taken by the plaintiff against the defendant Byrne as having exhausted his legal remedies against Byrne or not. Had the plaintiff herein prosecuted the proceedings against Byrne to a judgment, from which it appeared that Byrne was not legally liable to make contribution under the laws of the State of Louisiana, the defendant herein would not have been conclusively bound by such adjudication, as it was not a party thereto. It could still contest the legal effect of the execution of the release to Byrne, and the most

that could be claimed for the judgment in his favor, if such in fact had been rendered, would be as matter of evidence. It was not necessary, however, to show that the plaintiff had taken any legal proceedings, or exhausted his legal rights and remedies against Byrne as a condition precedent to the maintenance of this action. The effect of the pleading is to show that the legal result flowing from the release is to prevent the enforcement of a contribution from Byrne. The defendant herein is not cut off from controverting such fact or from showing that such legal conclusion did not flow from its execution of the release under the circumstances which attended its execution. The complaint, quite independent of its statement concerning the resort to legal remedies, states that the execution of the release was in legal effect to discharge Byrne from contribution to him, and that by this act of the defendant he has suffered in the sum which he claims to recover in this action.

The only question, therefore, which the case really presents is whether this action will lie in this jurisdiction to recover the sum claimed, or any other sum, on account of the releasing and discharge of Byrne from the operation and effect of the judgment. It is clear that the note itself, as it was made and indorsed for use in the city of New York and was discounted therein, became subject in its enforcement to the laws of this jurisdiction; but, notwithstanding this fact, it was quite competent for the defendant to institute legal proceedings for the enforcement of the note within the State of Louisiana. That was matter of election upon its part, and when it invoked the aid of the jurisdiction of the courts administering the law in such State, it became bound by such laws and was required to conform thereto in procuring a judgment and enforcing the same. In *Union National Bank* v. *Chapman* (169 N. Y. 538) a general rule was announced respecting the law which governs the enforcement of a contract obligation in a foreign jurisdiction in these words: " All matters respecting the remedy to be pursued, including the bringing of suits and the service of process, depend upon the law of the place where the action is brought." When, therefore, the defendant procured its judgment in the State of Louisiana, it became at once subject in dealing with the same to the laws of that State, and if by such laws a release of one co-debtor had the legal effect of limiting the enforcement of the judgment against the remaining

debtor to his proportionate share of such judgment, then the defendant became bound by such rule, and was prohibited from collecting more upon the judgment than was represented by the debtor's share, if contribution were made by both. Moreover, there is a higher obligation resting upon the defendant than such as is represented by the mere use of remedies and proceedings in enforcing its claim. When the judgment was rendered it became a contract between all of the parties to the action, the terms of which were created by operation of law. (*Mills* v. *Hoffman*, 92 N. Y. 181; *People ex rel. Reynolds* v. *City of Buffalo*, 48 N. Y. St. Repr. 632, and cases cited; affd. on appeal, *sub nom. People ex rel. Reynolds* v. *Common Council*, 140 N. Y. 300.)

The judgment having become a contract between the parties, it could only be enforced according to the contractual relation which the law operated to create. By the terms of the contract, a release of one co-debtor in law operated to the destruction of all remedy by the other co-debtor to compel contribution from the debtor so released. This impaired the contract, to the prejudice of the plaintiff and operated in law to a breach of its conditions, except to the extent that it permitted, in the present case, a limited enforcement of the judgment for the proportionate share for which the plaintiff herein remained liable after such release. The defendant could not enjoy the benefits to be derived from the judgment and repudiate the obligations which attended upon its enforcement. (*Wood* v. *Seely*, 32 N. Y. 105.) The judgment which the defendant obtained shows that it was against the plaintiff and Byrne jointly, and was such a judgment as is termed in the law of Louisiana a judgment *in solido*. Being such, the law operated to create the contract between the parties thereto. The defendant became entitled to enforce it against either or both of the co-debtors for its full amount. It could not, however, release one and enforce it for the whole amount against the remaining debtor. Such act impaired such debtor's rights under the judgment and in operation was distinctly to his prejudice. As the defendant, after it had executed the release, could not enforce the judgment for more than the amount of the remaining debtor's proportionate share, when the defendant, in violation of the law under which it held its judgment, collected more than that sum, it received money from this plaintiff, to which it was not entitled either by

virtue of the judgment, or for any other reason.  It must be held within the law of this jurisdiction that it is now to be regarded as holding such money for the use of the plaintiff, and that an action will lie within this jurisdiction to recover such sum.

If these views are sound, it follows that the interlocutory judgment should be affirmed, with costs in this court and in the court below, with leave to the defendant to withdraw demurrer and to answer within twenty days upon payment of such costs.

INGRAHAM and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., and PATTERSON, J., dissented.

Judgment affirmed with costs, with leave to defendant to withdraw demurrer and answer within twenty days on payment of costs in this court and in the court below.