(86 App. Div. 451.)

## LEWIS PUB. CO. v. LENZ.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. ACTION FOR PRICE—EVIDENCE—LETTERS—ADMISSION.

In an action for the price of books sold, a letter written by defendant to plaintiff's attorney, stating that defendant would have paid for the books, except for the fact that his "ad was not in as" ordered, was competent, as an admission of the defendant, and plaintiff was not bound to read in the whole correspondence.

2. SAME—EVIDENCE—CORRESPONDENCE.

Where plaintiff has introduced a letter, a portion of which amounts to an admission on the part of defendant, defendant may introduce any correspondence bearing on the subject-matter of the letter.

3. SAME—IMPEACHMENT OF WITNESS.

Where, in an action for the price of books sold, plaintiff introduced a letter from defendant in which he stated that he would have paid for the books, save that his advertisement was not in them as he ordered it, such letter did not defeat plaintiff's case, on the theory that plaintiff could not impeach his own witness, since plaintiff might have contradicted defendant, had he been a witness.

4. SAME—EVIDENCE—EFFECT.

The letter did not establish defendant's case, inasmuch as the statement of his reason for nonpayment was not proof of facts alleged as the basis of the reason.

5. FOREIGN CORPORATION—CERTIFICATE OF AUTHORITY—STATUTES—RIGHT TO SUE.

Laws 1892, pp. 1805, 1806, c. 687, § 15, provides that no foreign stock corporation doing business in the state without a certificate of authority shall maintain any action on any contract until it shall have procured such certificate; but the section further provides that no such corporation "now doing business shall do business herein after December 31st, 1892." *Held*, that the latter portion of the section is supplemental to the general provision, and is limited to corporations doing business at the passage of the act, and refers to contracts then existing, and hence a foreign stock corporation might sue on a contract made in 1900, though its certificate was not obtained until 1902.

Appeal from Municipal Court.

Action by the Lewis Publishing Company against Gottlieb Lenz. From judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Robert M. Johnston, for appellant
Metcalf B. Hatch, for respondent.

JENKS, J.   We think that the plaintiff proved his case.   The defendant offered no evidence.

It is contended that the learned municipal justice erred in a ruling upon evidence.   The attorney for the plaintiff testified that he wrote a letter to Gottlieb Lenz (that being the name of the defendant), and thereafter received through the mail a letter signed "Gottlieb Lenz," which he offered in evidence.   This was objected to as incompetent, irrelevant, and immaterial.   He further testified, under objection, that he had sent his letter to Mr. Lenz, to the address stated in the contract.   The objection was overruled under exception, and the letter

¶ 2. See Evidence, vol. 20, Cent. Dig. § 1023.

was admitted. It reads: "Received your letter 18th inst and would have paid for the books, but my ad was not in as I order it." It is insisted that the court erred in admitting it without putting in the whole correspondence. The letter was competent as an admission of the defendant, and the plaintiff was not bound to read in the whole correspondence. Stone v. Sanborn, 104 Mass. 319, 6 Am. Rep. 238; Barrymore v. Taylor, 1 Esp. 326. Of course, the defendant might have introduced any correspondence bearing on the subject-matter of the letter. Rouse v. Whited, 25 N. Y. 170, 82 Am. Dec. 337.

The learned counsel for the appellant further contends that, inasmuch as the letter denied that the plaintiff fulfilled its contract, it defeats the plaintiff's case, for the reason that the plaintiff cannot impeach his own witness. The letter tended to establish the delivery and the receipt of the books. Of course, as an admission, it must be taken in its entirety. But even if the plaintiff had called the defendant as his own witness, he would not have been bound by his answer, for, though he could not impeach, he could contradict, him. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515. Moreover, the statement of a reason by the writer for nonpayment is not proof of facts alleged as the basis of the reason.

The plaintiff is a foreign corporation. Its certificate of authority to do business was not obtained until 1902. This contract was made in 1900. The point is made that the company was prohibited from doing business by sections 15, 16, c. 687, pp. 1805, 1806, of the Laws of 1892, as amended by chapter 538, p. 1326, of the Laws of 1901. The section, before such amendment, in part provided:

"No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

In Neuchatel Asphalte Co. v. Mayor, 155 N. Y. 373, 49 N. E. 1043, it is held that a corporation, upon obtaining the certificate, could enforce a contract made after the passage of the law and before procuring the certificate. The amendment of 1901 reads:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

If this provision, enacted subsequent to the making of the contract in this case, be read as retroactive, then it is vicious, as impairing the obligation of such contract. People ex rel. Reynolds v. Common Council, 140 N. Y. 300, 307, 35 N. E. 485, 37 Am. St. Rep. 563. But such construction of purview is not required. The further provision of section 15, "No such corporation now doing business shall do business herein after December 31, 1892," is supplemental to the general provision, and by its terms is plainly limited to corporations then doing business—at the time of the passage of the act, in 1892—and refers to contracts then existing.

The judgment should be affirmed, with costs. All concur.