(49 Misc. Rep. 452)

## McNAMARA v. KEENE.

(Supreme Court, Appellate Term.   March 2, 1906.)

CONSTITUTIONAL  LAW—CORPORATIONS—FOREIGN  CORPORATIONS—CONTRACTS—
SUIT BY ASSIGNEE.

Laws 1901, p. 1326, c. 538, amending General Corporation Law, § 15, by extending the provision prohibiting a foreign corporation not complying with the statute from suing on a claim to the assignee thereof, will not be held applicable to an action by an assignee on a contract made prior to the amendment, where such a holding would violate the constitutional prohibition against impairing the obligation of contracts.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, § 46.]

Appeal from City Court of New York, Trial Term.

Action by William F. McNamara against Foxhall Keene. From an order setting aside a verdict directed by the court, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Niles & Johnson (John J. Cunneen, of counsel), for appellant.
Russell H. Landale (George Gordon Battle, of counsel), for respondent.

GIEGERICH, J.   The learned trial judge first directed a verdict for the plaintiff as a matter of convenience, there being no question of fact, and later, after considering the question at law involved, granted a motion to set aside the verdict and to dismiss the complaint.   The plaintiff is the assignee of a foreign corporation.   The cause of action assigned arose on contracts made in 1900.   At that time, and until the amendment of 1901 to section 15, General Corporation Law, Laws 1901, p. 1326, c. 538, the assignee of a foreign corporation could sue upon a claim, although the corporation might not be able to do so because of its failure to comply with the provisions of that section.   Lindheim v. Sitt, 33 Misc. Rep. 62, 68 N. Y. Supp. 145; Box Board & Lining Co. v. Vincennes Paper Co., 45 Misc. Rep. 1, 90 N. Y. Supp. 836.   The amendment of 1901 extended the prohibition to the assignee, and it was subsequent to such amendment that the assignment herein to the plaintiff was made.

The question is whether such amendment can be made applicable to contracts in existence at the time it was passed without violating the constitutional provisions protecting contract obligations from impairment.   In People ex rel. Reynolds v. Common Council, 140 N. Y. 300-307, 35 N. E. 485, 486, 37 Am. St. Rep. 563, it was said:

"All contract obligations are protected from impairment by state legislation by the provisions of the federal Constitution. The obligation of a contract is impaired in the constitutional sense by any law which prevents its enforcement, or which materially abridges the remedy for enforcing it which existed when it was contracted, and does not supply an alternative remedy equally adequate and efficacious"—citing McGahey v. Virginia, 135 U. S. 662, 685, 10 Sup. Ct. 972, 34 L. Ed. 304.

In Lewis Publishing Co. v. Lenz, 86 App. Div. 451–454, 83 N. Y. Supp. 841, 842, in speaking of the prohibition against the corporation itself bringing the action under the statute in question, the court said:

"If this provision, enacted subsequent to the making of the contract in this case, be read as retroactive, then it is vicious as impairing the obligation of such contract."

The respondent relies on the following language used in Neuchatel Asphalte Co. v. Mayor, 155 N. Y. 373, 377, 49 N. E. 1043, viz.:

"This statute was simply declaratory of the policy of the state that foreign stock corporations should not carry on any business in this state, which similar corporations organized under its laws could not lawfully conduct. Its purpose was not to avoid contracts, but to provide for an effective supervision and control of the business proposed to be carried on here by foreign corporations. It provided no penalty in the event of a noncompliance, other than the suspension of civil remedies. Such, and only such, were the consequences of the violation of the statute, and none others will be implied as intended by the Legislature."

All that was necessary, as the statute stood when the last case arose, was for the foreign corporation to comply with the law and then begin its action. As the statute was amended later, however, and as it stands now, such power of subsequent compliance was taken away from the delinquent company; the act now requiring such compliance not only before suit brought, but before the contract is made. All the Court of Appeals decided in that case was that a suspension of civil remedies until the company had complied with the act was not an avoidance of the contract. The present case is quite different. If the act be construed and applied in the manner it was in the court below, then we have not a case of suspension of remedy nor of an alternative remedy (namely, by assignment), but a case of absolute withdrawal of all remedy in our courts. This I think brings the case within the principle enunciated in People ex rel. Reynolds v. Common Council, 140 N. Y. 300, 35 N. E. 485, 37 Am. St. Rep. 563, and above quoted.

The order appealed from should be reversed, and judgment entered on the verdict, with the costs in this court and the court below.

GREENBAUM, J. (concurring). The allegation of the defense is:

"That prior to the making of said contracts and agreements, the said Locomobile Company [plaintiff's assignor] had not procured from the Secretary of State the certificate required by section 15 of the general corporation law."

The contract upon which the action is based is alleged to have been made in 1900, at which time section 15 of the general corporation law provided inter alia:

"No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made

by it in this state until it shall have procured such certificate." Laws 1892, p. 1805, c. 687.

Under this provision an action was maintainable by a foreign corporation if at any time before bringing an action it procured the certificate. Neuchatel Asphalte Co. v. Mayor, etc., 155 N. Y. 373, 49 N. E. 1043. The amendment to section 15 of the general corporation law made by chapter 96, p. 267, of the Laws of 1901, after the decision in the Neuchatel Case, supra, provided:

"No foreign stock corporation in the state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate." ·

Manifestly, by its very language, this amendment had no application to contracts made prior to April 25, 1901, the date of the passage of the amendment. To hold otherwise would result in an impairment of the contract obligation into which the corporation entered in the year 1900. "The obligation of a contract is impaired in the constitutional sense by any law which prevents its enforcement, or which materially abridges the remedy for enforcing it which existed when it was contracted, and does not supply an alternative remedy equally adequate and efficacious. McGahey v. Virginia, 135 U. S. 662, 10 Sup. Ct. 972, 34 L. Ed. 304;" People ex rel. Reynolds v. Common Council, 140 N. Y. 300, 35 N. E. 485, 37 Am. St. Rep. 563; Lewis Publication Co. v. Lenz, 86 App. Div. 452, 83 N. Y. Supp. 841.

There is no allegation in the answer that the Locomobile Company did not, subsequent to the making of the contract and before the commencement of the action, obtain the authority to do business. Such omission is fatal. Assuming all that the pleader set forth, no valid defense is alleged.

It was error to set aside the judgment upon the ground that plaintiff cannot maintain the cause of action. Such a defense is an affirmative one, unless the facts upon which it may be predicated are declared in the complaint, in which case a demurrer would lie. Emmerich v. Sloane, 108 App. Div. 330, 95 N. Y. Supp. 39; C. R. Parmele Co. v. Haas, 171 N. Y. 583, 64 N. E. 440.

Order reversed, and judgment directed to be entered in favor of plaintiff, with costs and disbursements to appellant in this court and the court below.

SCOTT, J., concurs in the result.