52 N.Y.2d 976 (1981)
The People of the State of New York, Appellant,
v.
Anthony Holmes, Respondent.
Court of Appeals of the State of New York.
Argued December 17, 1980.
Decided February 17, 1981.
Eugene Gold, District Attorney (Peter Weinstein of counsel), for appellant.
Diana Budzanoski and William E. Hellerstein for respondent.
Chief Judge COOKE and Judges GABRIELLI, JONES, WACHTLER and FUCHSBERG concur in memorandum; Judge MEYER dissents and votes to modify in an opinion in which Judge JASEN concurs.
*977 MEMORANDUM.
The order of the Appellate Division should be affirmed.
We cannot say that, upon dismissing count one of the indictment for insufficiency of the evidence, the Appellate Division took inappropriate action in ordering a new trial on the remaining counts, which the trial court had charged the jury not to consider if they found the defendant guilty under the first count. A reduction to reflect a conviction *978 for a lesser included offense is not mandated in such event.[*] CPL 470.15 (subd 2) provides in pertinent part that "[t]he ways in which [an intermediate appellate court] may modify a judgment include, but are not limited to, the following: (a) Upon a determination that the trial evidence adduced in support of a verdict is not legally sufficient to establish the defendant's guilt of an offense of which he was convicted but is legally sufficient to establish his guilt of a lesser included offense, the court may modify the judgment by changing it to one of conviction for the lesser offense". The use of the word "may" contained within this statute must be emphasized in examining the action taken below.
We note that we are not presented with a situation similar to that in People v Dlugash (41 N.Y.2d 725), since the present appeal did not involve the dismissal of a single-count indictment for which there could be no retrial (see People v Mayo, 48 N.Y.2d 245) and, hence, we do not deal further with this issue.
MEYER, J. (dissenting).
The majority ignores the longsettled rules that whether legislation is permissive or mandatory is to be determined not only from the language of the statute, but also from the circumstances surrounding its passage and the object sought to be accomplished, and that permissive words conferring power and authority upon public officers or bodies will generally be held mandatory when the act authorized concerns either the public interest or the rights of individuals (People ex rel. Otsego County Bank v Board of Supervisors of Otsego County, 51 N.Y. 401, 405; *979 People ex rel. Conway v Board of Supervisors of Livingston County, 68 N.Y. 114, 119; People ex rel. Reynolds v Common Council of City of Buffalo, 140 N.Y. 300, 306; People ex rel. Doscher v Sisson, 222 N.Y. 387, 395; Matter of Jordan v Smith, 137 Misc 341, 345, affd 254 N.Y. 585; Treherne-Thomas v Treherne-Thomas, 267 App Div 509, 512).
While our jurisdiction is, with exceptions not applicable to this case, limited to questions of law, the Appellate Division is empowered to reverse or modify a criminal judgment "based upon a determination made * * * [u]pon the law * * * [u]pon the facts * * * or [a]s a matter of discretion in the interest of justice" (CPL 470.15, subd 3, pars [a], [b], [c]). It is against this broad jurisdictional mandate and in light of the rules of construction set forth above as well as our prior pertinent decisions that the Legislature's use of the word "may" in CPL 470.15 (subd 2, par [a]) must be construed. Considered against that background the latter provision does not authorize the ordering of a new trial "on the law" as was done here. I, therefore, respectfully dissent.
The CPL contemplates three situations in which determinations of legally insufficient evidence may be made by an intermediate appellate court. The first is where the evidence is insufficient to establish guilt of an offense of which defendant was convicted as well as any lesser included offense (compare CPL 470.15, subd 2, par [a], and subd 4, par [b]). The second is where a lesser included offense, but not the offense of which defendant was convicted, is supported by legally sufficient evidence (see CPL 470.15, subd 2, par [a]). The third is where an offense of which defendant was convicted is supported by legally sufficient evidence and another is not (see CPL 470.15, subd 2, par [b]). Appropriate action is authorized for each situation: in the first case, dismissal (see CPL 470.20, subd 2); in the second, reduction and affirmance (see CPL 470.20, subd 4); in the third, affirmance and dismissal (see CPL 470.20, subd 3).
The CPL also provides that "[u]pon reversing or modifying *980 a judgment * * * of a criminal court, an intermediate appellate court must take or direct such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error or defect which is the subject of the reversal or modification and to protect the rights of the respondent" (CPL 470.20). Thus, the statute recognizes that where an error or defect requires reversal of one offense of which defendant was convicted but does not require reversal of other offenses or preclude affirmance of lesser included offenses, there may nonetheless be reasons why an "injustice" would result if the alternate or lesser convictions were affirmed. The statute also recognizes that the People, as respondent, have rights which require protection whenever "necessary and appropriate" corrective action is ordered.
Here, there is no finding by the Appellate Division that any "injustice" would result from reduction and affirmance. Nor is there anything brought to our attention in the record to indicate the possibility of such "injustice" occurring. Indeed, to the extent any injustice has been done, it has been done to the People who have already proved, to a jury's satisfaction, defendant's guilt of robbery in the third degree, beyond a reasonable doubt, and who now have had such a jury finding dissolved without articulation of any reason for doing so.
This is not to say that the Appellate Division must in every case reduce and affirm where legally sufficient evidence supports conviction of a lesser included offense but not the actual offense of which defendant was convicted. It is to say that the intermediate appellate court may not "on the law," as purportedly done here, choose dismissal over reduction and affirmance. Put another way, while dismissal may well be appropriate and necessary in a particular case, it will be so only in light of "injustice" that would otherwise be suffered by a defendant. In such a case, corrective action must be taken or directed "as a matter of discretion in the interest of justice," not "on the law." Considered in this light, the use of the word "may" in CPL 470.15 (subd 2, par [a]) does no more than concede that "justice" may in a particular case override reduction and affirmance.
*981 The conclusion reached here is no different than was reached in People v Dlugash (41 N.Y.2d 725), in which defendant was convicted after trial of a single count of intentional murder. On appeal to the Appellate Division, that conviction was reversed and the indictment dismissed. That court concluded that the evidence presented was legally insufficient to support either a conviction of intentional murder or the lesser included offense of attempted murder. On appeal to this court, we agreed with the Appellate Division's conclusions with respect to intentional murder. We came to a contrary conclusion, however, as to the sufficiency of evidence to support a conviction of attempted murder. We held (at p 737): "The Appellate Division erred in not modifying the judgment to reflect the conviction for the lesser included offense of attempted murder. An attempt to commit a murder is a lesser included offense of murder (see CPL 1.20, subd 37) and the Appellate Division has the authority, where the trial evidence is not legally sufficient to establish the offense of which the defendant was convicted, to modify the judgment to one of conviction for a lesser included offense which is legally established by the evidence (CPL 470.15, subd 2, par [a]; 470.20, subd 4). Thus, the Appellate Division, by dismissing the indictment, failed to take the appropriate corrective action." Accordingly, we remitted the case to the Appellate Division with the direction that the facts be reviewed and in the event they were found favorably to the People, that the Appellate Division, in turn, remand the case to the trial court for the imposition of sentence on the reduced and affirmed conviction of attempted murder (41 NY2d, at p 738).
Thus, Dlugash presents a clear illustration of the principle that in the absence of sufficient basis for the specific exercise of "fact" or "justice" jurisdiction, the Appellate Division is under a mandatory duty, pursuant to CPL 470.15 (subd 2, par [a]) to reduce and affirm a conviction where legally sufficient evidence fails to support an offense of which a defendant is convicted, but does support conviction of a lesser included offense.
The majority's attempt to distinguish Dlugash on the ground that we here have a multiple-count indictment does not withstand analysis. The issue here, as in Dlugash, is *982 what an intermediate appellate court must do with respect to a particular count upon which a defendant has been convicted where a lesser included offense of that count, but not the count itself, is supported by legally sufficient evidence. With respect to whether and under what circumstances the court must reduce and affirm that count or simply dismiss that count, the fact that there are other counts contained in the indictment is entirely irrelevant.
The order of the Appellate Division should be modified accordingly.
Order affirmed.
NOTES
[*] Contrary to the analysis and suggestion articulated in the dissent (p 979), CPL 470.20 (subd 4) cannot be read to require a reduction and affirmance where there is legally sufficient evidence to support only a conviction for a lesser included offense. The statute provides that "[u]pon a modification of a judgment after trial which reduces a conviction of a crime to one for a lesser included offense, the court must remit the case to the criminal court with a direction that the latter sentence the defendant accordingly". Rather than mandating specific corrective action, this statute merely sets forth the steps to be taken concerning the defendant's sentence after the intermediate appellate court has in fact reduced the conviction to one for a lesser included offense. Obviously, this statute does not require a reduction by the intermediate appellate court. Nor do we read the order of the Appellate Division in this case, although recited to have been made "on the law", as intended to reflect a holding that the court was required as a matter of law to grant a new trial or that the possibility of a reduction was not an alternative available to the court for adoption in its discretion.